202 So.2d 297 (1967)
Dr. Daniel P. McINTIRE
v.
Clarence P. CARPENTER. Chairman (8th. Senatorial District Committee et al.
No. 2929.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1967.
Writ Refused September 21, 1967.
*298 Harold E. Kytle, Kytle & Williams, Kenner, for plaintiff-appellant.
Oneal C. Legendre, Jr., Kenner, for Mr. Leroy Falgout, defendant-appellee.
Louis H. Marrero, III, Marrero, for Mr. Clarence P. Carpenter, defendant-appellee.
Before REGAN, YARRUT and SAMUEL, JJ.
REGAN, Judge.
The plaintiff, Daniel P. McIntire, filed this suit against the defendants, Clarence P. Carpenter, Chairman of the 18th Senatorial District Committee, and Leroy Falgout, endeavoring to obtain a Writ of Mandamus ordering the 18th Senatorial District Committee to certify him to the Louisiana Secretary of State as a candidate in a primary election to be held on November 4th, 1967, to choose the nominee of the Democratic Party for the office of State Senator from the 18th Senatorial District, composed of Wards 4 through 11 in the Parish of Jefferson.
The plaintiff is endeavoring to obtain the Writ of Mandamus predicated upon the theory that the protest to his candidacy was not timely filed by Leroy Falgout and also upon the hypothesis that the committee erroneously concluded, in conformity with Falgout's protest, that the plaintiff is not a resident of the Parish of Jefferson.
The defendants answered and therein denied that the plaintiff possessed the proper qualifications required of a candidate for State Senator from the 18th Senatorial District for the reason that he had not been an actual resident thereof for two years immediately preceding the election as prescribed by Article III, Section 9 of the Louisiana Constitution of 1921.[1]
Following a trial on the merits, judgment was rendered by the lower Court in favor of the defendants, dismissing the plaintiff's application for a Writ of Mandamus. From *299 that judgment the plaintiff has prosecuted this appeal.
The record discloses that the plaintiff filed a timely application to establish his candidacy for the office of State Senator from the 18th Senatorial District on August 16th, 1967. On August 21st, 1967, an opposition to his candidacy was filed by Leroy Falgout, a qualified elector of the 18th Senatorial District, and this opposition was served on the Mrs. Mc Intire, who resides in 7040 Canal Boulevard, on the same day. The plaintiff received a notice of the opposition by mail on August 22nd, 1967, at 2301 Twenty-First Street, in Kenner, Louisiana, the premises designated by him as his residence.
A hearing was convened on August 25th, 1967, by the Committee, and the plaintiff appeared and offered testimony to substantiate his qualifications. After a consideration of the evidence submitted, the Committee concluded that the plaintiff was not qualified to be a candidate for Senator from the 18th Senatorial District for the reason that he was not an actual resident thereof in conformity with the provisions of Article III, Section 9 of the Louisiana Constitution.
The questions posed for this Court's consideration are whether the opposition of Leroy Falgout was timely filed and served and whether the Committee committed error in concluding that the plaintiff was not a resident of the Parish of Jefferson.
It is clear that Falgout's opposition was filed and served in conformity with law. R.S. 18:307 provides that objections to the qualification of a candidate must be filed with the Chairman or the Secretary of the Committee within five days after the last day upon which notification of intention to become a candidate may be filed. The deadline for filing applications was established as five o-clock P.M. on August 16th, 1967. The record reveals that Falgout's opposition was filed on August 21st, 1967, and that it was served on that date at 5:15 P.M.
It is quite well settled that in computing the time prescribed by law within which to perform an act, days and not parts thereof are only to be considered.[2] Consequently, the fact that service was made at 5:15 P.M. technically 15 minutes more than 5 days after the deadline for filing applications, is of no significance. Therefore we are convinced that the filing of the opposition and the service thereof were timely made.
The second and more important question posed for our consideration is whether the plaintiff was an actual resident of the Parish of Jefferson as required by Article III, Section 9 of the Constitution. The evidence adduced in favor of the plaintiff discloses that he is a physician who maintains an office in 2301 Twenty-First Street, in Kenner, Louisiana. This residence, which was converted into a medical office, contains a hot-plate, a refrigerator and a small ambulance cot. In one or two closets, the plaintiff kept some of his clothing. The only other furnishings in the buildings consisted of examination tables, scales, supply cabinets, and other accoutrements normally found in physicians' offices.
The plaintiff also introduced as evidence several exhibits, the import of which he contended was to substantiate the fact that his residence was actually in the Twenty-First Street address in Kenner, Louisiana. These exhibits consist of the plaintiff's driver's license, his automobile registration, a bank-account, membership in various medical associations and a commission issued to him as a Notary Public for the Parish of Jefferson. He was also registered to vote in Jefferson Parish.
The evidence further reveals that the plaintiff spent one or two nights a week sleeping on a small ambulance cot which was located in his office. He asserted that during his first marriage he spent four to *300 six nights a week in 7040 Canal Boulevard in the City of New Orleans, where he maintained a home for his former wife and children, which they occupy at the present time.
Plaintiff subsequently secured a divorce in Mexico and re-married. The second Mrs. McIntire resides in a French Quarter apartment in New Orleans which is owned by the plaintiff. He testified that he now spends approximately the same amount of time each week with his second wife as he did with his first wife, and that he has continued his practice of sleeping in his office from time to time.
The plaintiff is a member of the Bar of this State, in addition to being a licensed Medical Practitioner, in view thereof we are impressed by the fact that the plaintiff filed and obtained a Homestead Exemption for the years 1966 and 1967 on the dwelling located in Canal Boulevard in the City of New Orleans.
The lower court concluded, after a diligent examination of all of the facts, that the plaintiff was not an actual resident of the Parish of Jefferson. It also pointed out emphatically that the burden of proof is upon the plaintiff to establish as a fact that he is a resident of Kenner, in the Parish of Jefferson, and thus possesses the proper residence requirements for his candidacy. While a place of abode need not be pretentious, it nevertheless must be the person's actual residence and be regarded as such by him in order to attain the legal status of a residence.[3]
In view of the fact that the plaintiff spent the vast majority of his non-working hours at the home provided by him for his first wife and their children, and later at the apartment provided by him for his present wife, both of which dwellings are in the City of New Orleans, we are compelled to reach the inevitable conclusion that an occasional night spent in his medical office is not of such import so as to constitute that office as his residence and thus provide him with the necessary residency requirements of a candidate for State Senator.
For the foregoing reasons the judgment of the lower court is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.
NOTES
[1] The defendants also filed exceptions of no cause or right of action, non-joinder of an indispensable party, non-joinder of necessary parties, and lack of jurisdiction of the Court rationae materiae. These exceptions, however, were found to be without merit and consequently dismissed.
[2] Article 5059, Louisiana Code of Civil Procedure.
[3] See Hall v. Godchaux, 149 La. 733, 90 So. 145 (1921).