**Dahlgrin G. LOWE, Plaintiff-Appellee,**

v.

**Robert W. O'MEARA, et al., Defendants-Third Party Plaintiffs-Appellees-Appellants,**

v.

**MARKET INSURANCE COMPANY,**
**Defendant-Third Party**
**Defendant-Appellant.**

**No. 73-1259**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.
July 25, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

William A. Porteous, III, George W. Healy, III, New Orleans, La., for Market Ins. Co.

Donald V. Organ, New Orleans, La., for Dahlgrin G. Lowe.

Wood Brown, III, New Orleans, La., for Robert W. O'Meara & Emp. of Wausau.

Charles E. Lugenbuhl, New Orleans, La., for Robert W. O'Meara.

Robert B. Deane, New Orleans, La., for Harbor Ins.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Dahlgrin G. Lowe brought this action for personal injuries against defendant-employer Robert W. O'Meara and his insurers under the general maritime law and the Jones Act, 46 U.S.C.A. § 688. The jury, returning a verdict in plaintiff's favor, through special interrogatories, awarded damages in the amount of $100,000. The District Court on summary judgment apportioned part of the loss against Market Insurance Company. On appeal, the District Court's disposition of Market's claim of cancellation of its policy, certain prejudicial remarks,

and the amount of the judgment are challenged. We affirm.

Market admittedly had issued an excess liability insurance policy which would cover this particular loss, but that policy, a Louisiana contract, provided for cancellation by the insurer upon ten days written notice to the insured. Upon Market's decision to cancel the policy for nonpayment of premiums, notice of cancellation, reciting that it was to be effective at 12:01 A.M., September 3, 1970, was mailed to O'Meara on August 24, 1970. O'Meara was billed by Market for the period to September 3, 1970, and promptly submitted payment. The accident from which this litigation stems occurred about 6:30 P.M. on September 3, 1970.

■ We agree with the trial court that the required ten-day notice period had not passed and the policy had not yet been cancelled. Under Louisiana law, the day of mailing cannot be counted. *See* Housing Auth. v. Miller, 239 La. 966, 120 So.2d 494 (1960); Brocato v. T. S. C. Motor Freight Lines, 22 So. 2d 480 (La.App.1945); Art. 2059, Louisiana Civil Code; Art. 5059, Louisiana Code of Civil Procedure. Thus, cancellation of the policy would not have been effective until September 4. Although Market's notice stated that cancellation would be effective at 12:01 A.M., September 3, 1970, this is of no effect because it would have resulted in a notice period shorter than that required by the policy itself. Moreover, this attempt to cancel at the beginning of the day conflicts with the Louisiana law which provides that, in computation of time, only whole days, not fractions thereof, are considered. McIntire v. Carpenter, 202 So.2d 297 (La.App.1967); Housing Auth. v. Miller, *supra.*

■■ The trial court did not err in refusing a new trial on the basis of the remarks during the *voir dire* examination or because of the alleged excessiveness of the verdict.

Affirmed.