562 So.2d 34 (1990)
Lola THOMPSON
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, et al.
Nos. 90-C-0348, 90-C-0435.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1990.
Patrick G. Kehoe, Jr., Birdsall, Rodriquez, Robelot & Kehoe, New Orleans, for Lola Thompson.
Raymond A. Pelleteri, New Orleans, for State Farm Mut. Auto. Ins. Co.
McNeil J. Kemmerly, Metairie, for Prudential Property & Cas. Ins. Co.
Before SCHOTT, C.J., and CIACCIO and WARD, JJ.
SCHOTT, Chief Judge.
We grant certiorari in order to review the judgment of the trial court overruling the defendant's exception of improper venue. Plaintiff, Lola Thompson, filed suit against her uninsured motorist insurer on April 17, 1989, in Orleans Parish for injuries she allegedly sustained as a result of an automobile accident in St. Tammany Parish on May 4, 1988. She claims venue is proper in Orleans Parish under C.C.P. Art. 76 which allows suit on an insurance policy to be filed in the parish of the insured's domicile.
At the time of the accident, plaintiff lived with her husband in St. Tammany Parish, where they were domiciled for over forty years. Plaintiff's husband remains in St. Tammany in their family residence. Plaintiff moved to Orleans Parish with her son in February of 1989. Since then she has registered to vote and opened a small bank account in New Orleans and had her mail forwarded there. She has clothes and her bed in New Orleans and is under the care of her treating physicians there.
This court outlined the test for establishing a change of domicile in Lauga v. Lauga, 537 So.2d 758 (La.App. 4th Cir.1989), as follows:

*35 A party seeking to prove a change in domicile must overcome the presumption that it has not been changed by positive and satisfactory proof of the establishment of another, the intention to remain there, and the abandonment of the former domicile, (citation omitted) The presumption of the original domicile prevails if any reasonable doubt thereof exists.
Id. at 760.
The trial judge erroneously stated in overruling the exception of improper venue that, "[u]nder the law, nothing more is necessary than some evidence of this intention [to change domicile]". Lauga requires proof of the establishment of another domicile, an intention to remain there and the abandonment of the former domicile.
Plaintiff filed suit on April 17, 1989. She was deposed on the question of venue on November 15, 1989, and testified to the following:
Q. Is there any other reason that you've moved over to Orleans Parish other than to see the doctors?
A. We .., it was making me sick to ride. It keptgot my concussion all
Q. Riding in the car a long distance bothered you?
A. Yes.
Q. Is it your intention to move to St. Tammany Parish once your treatment with the doctors is finished?
A. I don't know.
Q. You don't have any specific intention to move back?
A. It's according to how my health be, how I get.
Venue is determined at the time that suit is filed. Plaintiff's deposition of November 15, 1989, is her first expression on the question of her domicile subsequent to filing suit. At that time she had not decided to abandon her St. Tammany domicile and remain in New Orleans. Consequently, her domicile was still in St. Tammany as it was when she filed her suit seven months earlier. Her late blooming decision to give up her St. Tammany domicile by January, 1990, when the exception was tried could not retroactively change her domicile as of the previous April.
Accordingly, the judgment of the trial court overruling defendant's exception of venue is reversed and set aside. There is judgment in favor of defendant sustaining its exception. The case is remanded to the trial court for transfer to St. Tammany Parish where venue is proper. All costs in this court are taxed against plaintiff.
REVERSED AND REMANDED.