PER CURIAM
Plaintiff, James P. McNamara, filed this suit to disqualify defendant, Curtis J. Coney Jr., as a candidate for election as judge to a newly-created seat on the Orleans Parish Civil District Court. Also named as defendants were Secretary of State, Fox McKeithen, and State Commissioner of Elections, Jerry Fowler. Plaintiff alleged in his petition that Coney has not been domiciled in Orleans Parish for “two years preceding election,” as required by La. Const. Art. 5, Sec. 24.
Coney resided in St. Charles Parish from 1982 to 1986. On April 2, 1986 Coney opened a law office in a leased building. It was a large, two story building, zoned commercial, and had two municipal addresses, 2216 and 2222 Canal Street. The building had previously been leased to a construction company which, in 1981, had built on the second floor, two mock or model hotel rooms. According to the owner, the models had been constructed by the lessee in connection with work it was performing for a downtown hotel. The models consisted of two adjoining rooms or suites, each with a bedroom, and a fully operational tiled and marbled bathroom. A fully operational kitchen was built outside of the rooms. The owner testified these additions were there when Coney assumed occupancy of the building.
Coney testified that he began living in the hotel rooms as of April 2, 1986, when he moved into Orleans Parish. He stated that he intended to make Orleans Parish his parish of domicile when he moved here. His present law partner, Robert G. Harvey, who first began working with Coney in 1986 as a law clerk, testified that Coney had lived in the hotel rooms in the Canal Street building since 1986, when he separated from his second wife, Judy Braud. There is no evidence that Judy Braud ever shared that residence with him.
In July, 1986, Coney purchased a residence located at 4816 David Drive, Kenner, Louisiana, in Jefferson Parish. Coney testified that he purchased the residence from his late' brother’s ex-wife. His brother, a dentist, died unexpectedly in a 1985 diving accident. Coney offered several reasons for purchasing the Kenner residence: in order to help his brother’s ex-wife financially, and her son, Coney’s nephew; also for investment purposes and finally because he had to have a place for his ex-wife to stay. He testified that he never intended to reside in the Kenner home.
Coney testified that his second wife, Judy Braud, to whom he was married when he moved to Orleans Parish on April 2, 1986, began living in the Kenner residence in 1986 when the couple separated, and lived there until early 1988, when they divorced. In a consent judgment and partition Coney received the Kenner residence free and clear. He testified that no one lived in the residence from early 1988 until September, 1989, when his soon-to-be third wife moved in. Coney testified he never claimed a homestead exemption for the Kenner residence.
In October, 1989, Coney married his third wife, Deborah. She had moved into the Kenner residence the previous month. Coney testified that the couple planned to purchase a residence in Orleans Parish. His law partner, Harvey, confirmed this, basing his belief on discussions he had with Coney. On one occasion he viewed a prospective Orleans Parish residence with Coney. Coney testified that the couple’s plans were put on hold when it was discovered in early 1990 that Deborah was suffering from bone cancer. It was not brought *650 out precisely in what way this discovery affected their plans, although he stated that Deborah had been hospitalized on two occasions in 1990 at a local hospital, and had traveled to out-of-town hospitals, including Johns Hopkins University Hospital in Baltimore, Maryland. Harvey confirmed that the discovery of the illness had affected the couple’s plans insofar as purchasing a New Orleans residence was concerned.
Coney stated that after his marriage to Deborah he usually slept at the Canal Street address five nights a week, and spent the weekends at the Kenner residence with his wife. He also testified that Deborah stayed with him at the Canal Street address “a lot” of times. In about March, 1989, Coney leased a commercial building located at 115 South Galvez Street, just around the corner from the Canal Street building. Coney testified that the rear of the Galvez Street building abutted a structure housing a garage and second-story office located at the rear of the Canal Street property. Harvey confirmed the proximity of the two properties.
Near the end of March, 1990, the model hotel rooms were essentially disassembled and moved to the Galvez Street building. At that time, Coney testified, he began residing at the Galvez Street address. There, he had a completely furnished bedroom, bath, shower and kitchen. However, Coney’s own father testified that he did not know anything about the 115 S. Galvez Street address that Coney states is his present address. Coney testified that he intended to tear down the wall separating the two properties and renovate the Galvez Street building for office and living space. However, Coney leases and does not own either of these buildings.
In late May, 1990, Deborah Coney began suffering from vision problems. At one point, according to Coney, she could not see at all. He said after that she could not drive or shop for groceries alone. However, she continued to work at her job in downtown New Orleans. Coney testified that he began to spend an “occasional” night or two during the week with his wife at the Kenner residence.
Based upon this evidence the trial court found that Coney had two residences, one on Canal Street and one on David Drive in Kenner. The court found that Deborah Coney resided and was domiciled at 4816 David Drive in Jefferson Parish.
The court found that, because of Deborah’s illness, “it would seem” that Coney would be compelled to spend more time in Jefferson than he had previously. However, the court further found that Coney had spent from two to five days a week at the Galvez Street address, which abuts the Canal Street property, although he recognized that the properties were not connected.
On appeal plaintiff argues that Coney had never become a domiciliary of Orleans Parish because:
(a) The only piece of property ever owned by Coney is a house located at 4816 David Drive, Jefferson Parish, always his principal domestic establishment during both his marriages;
(b) Coney’s present wife, of less than one year, who has bone cancer, is legally blind, and must receive constant care and is still domiciled at the 4816 David Drive house; as was his first wife.
(c) There is a legal presumption a man and wife have the same domicile absent strong proof to the contrary.
La. Const. Art. 5, Sec. 24 requires that a judge shall be domiciled in the parish where he serves for at least two years preceding election.[1] In order to qualify for the general election on November 6, 1990 Coney must have been continuously domiciled in Orleans Parish since November 6, 1988. Coney claims that he has continuously resided at 2222 Canal Street since *651 April of 1986 when he moved to New Orleans.
Domicile is defined by La.C.C. art. 38 as: The domicile of each citizen is in the parish wherein he has his principal establishment.
The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as principal establishment, at the option of the persons whose interests are thereby affected.
In Charbonnet v. Hayes, 318 So.2d 917 (La.App. 4th Cir.1975) this court wrote:
Our courts have frequently interpreted the meaning of the word “domicile”. We refer to a number of cases in which the “domicile” or “principal establishment” has been jurisprudentially restated to be “the principal domestic establishment”. Zinko v. Zinko, 204 La. 478, 15 So.2d 859 (1943); Mosely v. Dabezies, 142 La. 256, 76 So. 705 (1917); Hyman, Lichtenstein & Co. v. Schlenker & Hirsch, 44 La.Ann. 108, 10 So. 623 (1892); Succession of Franklin, 7 La.Ann. 395 (1852). This is based upon where a person sleeps, takes his meals, has established his household, and surrounds himself with his family and the comforts of domestic life.
There is a legal presumption that a man and his wife have the same domicile. Robinson v. Standard Oil Co. of Louisiana, 194 La. 904, 195 So. 351 (1940). In order for Coney to overcome that presumption he must offer “strong proof” that he was domiciled in Orleans Parish. Messer v. London, 438 So.2d 546 (La.1983). We do not find that the proof Coney has offered is sufficient to rebut the presumption. Coney’s spouses have always lived at the David Drive address, this must be deemed to be, and to have been, his place of domicile since he moved from St. Charles Parish in 1986. This is not to discount his testimony that he moved from St. Charles Parish in April and did not purchase the home on David Drive until July. Forfeiture of a domicile occurs upon the acquisition of another. La.C.C. articles 41 and 46.
In its reasons for judgment the trial court observed:
In this particular matter the defendant has introduced numerous business documents, including checks, tax returns, car leases, and purchases of cars, all showing addresses of 2216 and 2222 Canal Street. It’s fitting that those business documents should go to a business address, which is what 2222 Canal Street is....
Domicile was defined by the Louisiana Supreme Court in Messer v. London, 438 So.2d 546 (La.1983), as “a person’s principal domestic establishment, as contrasted to a business establishment.” The above quoted findings of the trial court prove that the Canal Street address was Coney’s business establishment but not his principal domestic establishment. On point is McIntire v. Carpenter, 202 So.2d 297 (La.App. 4th Cir.1967). Mclntire involved a medical doctor whose qualifications for public office had been challenged on grounds that he was not domiciled in the parish where he wished to run. The court concluded that although he occasionally slept in his office, as well as received mail and did business there, it was not of such import as to constitute that office as his “residence” and thus provide him with necessary residency requirements of a candidate for State Senator.
McNamara, on the other hand, did produce actual evidence that Coney was domiciled on David Drive. A private investigator testified at trial that he observed and photographed Coney’s automobile parked at the Kenner residence on two consecutive mornings, Wednesday and Thursday, August 8 and 9, 1990, at approximately 6:00 a.m. He also photographed Coney and his wife leave the residence each morning at approximately 8:00 a.m. Each day Coney drove his wife to the 900 block of Perdido Street where she worked, and then drove to the Canal Street building. On one of these mornings he observed Coney park in front of the Galvez Street building, enter it carrying some books or papers with him, *652 exit, and walk around the córner to the Canal Street building. This investigator testified that on the evenings and/or very early morning hours associated with these dates, a fellow investigator observed Coney’s automobile parked at the Kenner residence.
The same private investigator previously mentioned testified that a change of address check performed by the Kenner branch of U.S. Postal Service showed that 4816 David Drive was a good address for Curtis J. Coney, and that there was no change of address on file.
Coney registered to vote in Orleans Parish on the morning of July 27, 1990, the day on which he qualified for the fall election, listing 2222 Canal Street as the address of his residence — he had previously been registered to vote in Jefferson Parish. On his Orleans Parish voter registration application Coney listed his last place of residence as Kenner, in Jefferson Parish. On his qualifying papers he listed his domicile as 2222 Canal Street. At this time he was residing, according to his testimony, at 115 South Galvez Street. Coney never explained precisely why he listed 2222 Canal Street as his domicile on his voter registration papers and his qualifying papers instead of the Galvez Street address.
He claimed he never registered to vote in Orleans Parish because he was too busy with his law practice. He said he registered in Jefferson to vote for someone who lived near his Kenner residence, and voted several times in Jefferson Parish.
It is clear that the purpose of the domicile requirements is to assure that a candidate has sufficient contacts with the district from which he is elected. In this case the trial court found that Coney had two residences but stated that it was difficult to discern his intent as to which of the two was his primary domestic establishment. The totality of actual facts indicate that Coney intended to be domiciled at David Drive and not at Canal Street.
We conclude that the trial court erred as a matter of law in holding that Coney was domiciled on Canal Street. We do not substitute our own findings for the trial court’s. But the court’s reasons for judgment do not contain a finding that Canal Street was Coney’s principal domestic establishment; only that it was one of two residences. The trial court erred in deciding that Coney could freely choose Canal Street as the residence. Coney may qualify as a candidate only if Canal Street is his domicile. Canal Street must be his principal domestic establishment to be his domicile. La.C.C. article 38. The weight of the evidence establishes that the home in Ken-ner is his principal domestic establishment, hence his domicile.
For the foregoing reasons, the judgment of the trial court is reversed.
REVERSED
LOBRANO and KLEES, JJ., concur in the results.

. La. Const. Art. 5, Sec. 24 states:
"A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been admitted to the practice of law in the state for at least five years prior to his election, and shall have been domiciled in the respective district, circuit, or parish for the two years preceding election. He shall not practice law.