Ji_SULLIVAN, Judge.
The issue presented by this appeal is whether the trial court erred in finding the plaintiff, Gerard Laborde, to be domiciled in Avoyelles Parish, thereby overruling exceptions of improper venue filed by several defendants in this personal injury action. For the following reasons, we reverse the judgment of the trial court in part and remand with instructions that the case be transferred to a parish of proper venue.
Facts
On November 23, 1992, Gerard Laborde was allegedly injured when his automobile was struck by several logs that had fallen from a truck driven by Jerry Elliott. This accident occurred in Rapides Parish. On *616 October 11, 1993, Laborde filed suit in Avo-yelles Parish against Elliott, the Louisiana Insurance Guaranty Association (LIGA) and Laborde’s uninsured motorist carrier, State Farm Mutual ¡^Automobile Insurance Company. In his petition, Laborde alleged that he was a resident of Avoyelles Parish.
Laborde dismissed his claims against State Farm on April 22, 1994. On February 14, 1995, Laborde amended his petition to add as defendants Don Tant Logging Co., Inc., Georgia Pacific Corporation and Willamette Industries, Inc., all alleged to be vicariously liable for the actions of Elliott, and North-land Casualty Company, Security National Insurance Company, Trinity Universal Insurance Company and American Interstate Insurance Company, the alleged insurers of Don Tant Logging.
Defendants Willamette, Northland and Georgia Pacific excepted to venue in Avo-yelles Parish, contending that (1) the plaintiff was in fact domiciled in Rapides Parish and not in Avoyelles as alleged; (2) the accident occurred in Rapides Parish; and (3) no defendant was domiciled in Avoyelles Parish. LIGA also filed an exception of improper venue but it had already answered the petition. The parties stipulated to the latter two contentions, and the question of Laborde’s domicile was tried on April 28,1995.
Laborde was bom in Bordelonville, Louisiana, in Avoyelles Parish, in 1941. He lived and worked in AvoyeEes Parish until 1986 when the Marksville office of his employer, the Department of Transportation and Development, closed and he was transferred to DOTD’s Alexandria office in Rapides Parish. At that time, Laborde and his wife, Sharon, moved to Ball, Louisiana, in Rapides Parish, where they resided in a home that was Sharon’s separate property. Laborde and his wife were living at the Ball address in Rap-ides Parish on the date of the accident, November 23, 1992, and on the date suit was filed, October 11, 1993. In 1994, Laborde and his wife ^separated, and he moved into an apartment in Pineville, Louisiana, also in Rapides Parish, where he was still living when the defendants’ exceptions were tried.
Laborde testified that when he moved to Rapides Parish he canceled his post office box in Avoyelles Parish, transferred his bank accounts to Rapides Parish, and changed insurance agencies to one in Rapides Parish. He admitted that from 1986 through 1994 his matrimonial domicile was in Rapides Parish. During that time, he lived, ate, slept, received his regular mail and kept his work clothes at the Ball address. On the date of the accident, his driver’s license listed a Rap-ides Parish address as did the titles to all vehicles that he owned at that time. He had a Rapides Parish telephone listing but not one in Avoyelles Parish. Upon his retirement from DOTD, Laborde began receiving his retirement checks first in Ball and later in Pineville.
Laborde testified that he always considered Avoyelles Parish to be his home and that he intended to return to that parish. After moving to Rapides Parish, Laborde continued to own a home in Avoyelles Parish that he claimed as his homestead exemption until he sold it in 1994. About a year before he sold the home, he began renting it to his cousin who bought it. He maintained his voter registration in Avoyelles Parish, where he has regularly voted since 1989. He owns an undivided interest in an Avoyelles Parish farm and grocery store that he inherited from his father, and he occasionally receives mail at his mother’s home in Bordelonville. He is still a member of St. Peter’s Catholic Church in Bordelonville, and he receives medical care from physicians in Avoyelles Parish. Two former co-workers, Bobby Gas-pard and Jessie Lachney, testified that La-borde has always expressed an intention to return to Avoyelles Parish.
I ¿The trial court denied the defendants’ exceptions, finding that although Laborde had changed his residence to Rapides Parish for employment reasons, he nonetheless remained a domiciliary of Avoyelles Parish because of his intention to return one day to that parish.
Opinion
The Louisiana Civil Code contains the following regarding the definition domicile and the means of changing the same:
*617 Art. 38. Domicile, general definition
The domicile of each person is in the parish wherein he has his principal establishment.
The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected. (Emphasis added.)
Art. 41. Change of domicile; residence and intent
A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one’s principal establishment there. (Emphasis added.)
Art. 42. Proof of intent by written declaration
This intention is proved by an express declaration of it before the recorders of the parishes, which and to which he shall intend to remove.
This declaration is made in writing, is signed by the party making it, and registered by the recorder.
Art. 43. Proof of intent in absence of declaration
In ease this declaration is not made, the proof of this intention shall depend upon circumstances.
Jurisprudence has defined “principal establishment” as “where a person sleeps, takes his meals, has established his household, and surrounds himself with family and the comforts of domestic life.” Sheets v. Sheets, 612 So.2d 842, 844 (La.App. 1 Cir.1992), citing Charbonnet v. Hayes, 318 So.2d 917 (La.App. 4 Cir.), writ denied, 320 So.2d 201 (La.1975). Hence, “domicile” is a person’s principal domestic establishment, as contrasted to a business establishment. There is a legal presumption that a man and his wife have the same domicile; “strong proof’ must be offered to overcome that presumption. McNamara v. Coney, 566 So.2d 648 (La.App. 4 Cir.), writ denied, 567 So.2d 1108 (La.1990).
A change in domicile occurs when there is a change in actual residence accompanied by an intention to make a new principal establishment or home. Successions of Rhea, 227 La. 214, 78 So.2d 838 (1955). In establishing domicile, intent is based on actual state of facts and not on what one declares them to be. Sheets, 612 So.2d 842. “The expressed intent of the party may be at variance with the intent as evidenced by conduct. Each case is unique and the courts attempt to arrive at the true intent, whether express or implied.” In re Kennedy, 357 So.2d 905, 909 (La.App. 2 Cir.1978).
There is a presumption against a change in domicile. Broussard v. Romero, 607 So.2d 979 (La.App. 3 Cir.1992). The party seeking to establish a change in domi- . cile bears the burden of proving that change. So long as a reasonable doubt remains, the presumption is that the domicile has not been changed. Succession of Lauricella, 571 So.2d 885 (La.App. 5 Cir.1990).
It is undisputed that Laborde’s domicile of origin was Avoyelles Parish, where the instant suit was filed. Since the accident occurred in Rapides Parish and no defendant is domiciled in Avoyelles Parish, venue is proper in Avoyelles Parish only if Laborde was domiciled in that parish at the time suit was filed. Thompson v. Prudential Property and Casualty Ins. Co., 562 So.2d 34 (La.App. 4 Cir.1990).
leOur review of the record convinces us that defendants have met their burden of proving that Laborde changed his domicile from Avoyelles to Rapides Parish when he moved with his wife to Ball, Louisiana. La-borde acknowledged that the Ball address was his matrimonial domicile, and he testified. that he ate, slept and kept all of his work clothes there. This living arrangement continued for approximately eight years before suit was filed. Although Laborde owned a home in Avoyelles Parish for several years after he moved, there is no testimony as to how much time, if any, that he spent there. Sometime in 1993 he rented this residence to his cousin, who then bought it in 1994.
*618 In addition to showing actual residence m Rapides Parish, defendants have also introduced evidence of a course of conduct that strongly indicates “an intention of making his principal establishment there.” La.Civ.Code art. 41. Upon moving to Rapides Parish, Laborde canceled his Avoyelles telephone listing and post office box, switched banks and insurance agents, and thereafter registered his vehicles and his driver’s license at his new address. Laborde did not return to Avoyelles Parish upon either his retirement from the state or his separation from his wife.
In support of his contention that his domicile remained in Avoyelles Parish, Laborde points out that he has maintained his voter registration in that parish, that he inherited and maintains immovable property there, that he has always considered Avoyelles Parish to be his home, and that he intended to return to Bordelonville upon the conclusion of his domestic litigation. Although these factors are probative as to intent, the jurisprudence has held that they are insufficient to establish domicile if an actual residence is shown elsewhere. In Gelpi v. Ben Development Co., Inc., 327 So.2d 485 (La.App. 4 Cir.1976), the court found that two brothers who were sued on a promissory note in Plaquemines Parish were' not domiciled there, despite the fact |7that each brother regularly voted in that parish and each considered his permanent home to be a family ranch in that parish. The court found the exercise of voting rights to be insufficient to establish domicile “if that person has a dwelling house elsewhere which he habitually occupies and therein maintains his domestic establishment and conducts the bulk of his business activities.” Id., at p. 487. Similarly, in Slater v. Slater, 327 So.2d 616 (La.App. 4 Cir.), writ denied, 328 So.2d 683 (La.1976), the court found that the plaintiff did not retain his domicile of origin upon establishing several residences elsewhere, notwithstanding that he still voted in the parish of his birth, paid property taxes there and had unlimited access to his mother’s home.
Laborde lived, worked and conducted the bulk of his personal business in Rapides Parish for eight years before filing this suit. He remained in Rapides Parish after his retirement and separation. In determining his domicile, we find that his conduct weighs heavily against his professed but indefinite intention to return one day to that parish. We find that Laborde’s domicile at the time suit was filed was Rapides Parish, and therefore venue in Avoyelles Parish was improper.
Defendant, Northland Casualty Company, asked this court to dismiss plaintiffs action on the grounds that the suit was knowingly filed in an improper venue. Considering the closeness of this question, we cannot conclude that the suit was knowingly filed in an improper venue. See Thompson, 662 So.2d 34.
For the above reasons, the judgment of the trial court overruling the exceptions of improper venue filed by Northland Casualty Company and Willamette Industries, Inc. is reversed. The judgment is affirmed as to the Louisiana Insurance Guaranty Association as that defendant did not object to venue until after filing an answer. Georgia Pacific Corporation’s exception is moot because that defendant has been Igdismissed from this litigation. The case is remanded with instructions that it be transferred in its entirety to a court of proper venue.
REVERSED IN PART; AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.
SAUNDERS, J., dissents, without reasons.