HUMPHRIES, Judge.
Plaintiff-appellant, Carl Stretton, an employee of Penrod Drilling Company, brought this maritime personal injury action against Charles Guy Paul, also an employee of Penrod, and Hartford Accident & Indemnity Company in LaSalle Parish. In paragraph one of the petition the plaintiff alleged that:
“Hartford Accident & Indemnity Company, a foreign insurance company, authorized to do and doing business in the State of Louisiana, and at all material times herein having issued to Penrod Drilling Company and Charles Guy Paul a policy of insurance”
Hartford Accident & Indemnity Company filed an Exception of Improper Venue which the trial judge sustained, dismissing plaintiff’s suit. From this adverse judgment plaintiff has appealed. We reverse.
Plaintiff’s suit was instituted in LaSalle Parish, the domicile of himself and defendant, Charles Guy Paul. Neither Penrod Drilling Company nor Hartford Accident & Indemnity Company are residents of La-Salle Parish. Defendants’ Exception of Improper Venue is based upon C.C.P. Art. 73, which provides as follows:
“Art. 73. Action against joint or solidary obligors
An action against joint of solidary obli-gors may be brought in any parish of *1284 proper venue, under Article 42, as to any obligor who is made a defendant.
If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.”
The entire matter was considered in the District Court upon the contention by Hartford that neither Hartford nor Penrod were domiciled in the Parish of LaSalle and that Paul was made a defendant for the sole purpose of creating venue in LaSalle Parish under the theory that joint tort feasors may be sued in the parish where either is domiciled. Strangely enough the attorney for the plaintiff also considered this to be the sole issue in District Court and on appeal.
The trial judge found (we do not say that this was in error) that Paul was made a defendant for the sole purpose of establishing venue as to defendant Hartford, on the basis of joint tort feasors.
We are of the opinion that the facts of this case, in its present stage, are not correlative of the circumstances contemplated by the proviso in C.C.P. Art. 73. At the present stage of the proceedings, there has been no compromise between the plaintiff and Paul and there has been no dismissal after trial on the merits as to Paul. We are of the opinion that this matter can only be disposed of by C.C.P. Art. 76 which provides in part as follows:
“An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled.”
We do not think that we can go beyond Art. 1 of the pleadings and C.C.P. Art. 76.
The petition states that Paul is insured by Hartford and Art. 76 states that an action against an insurer may be brought in the domicile of the insured. It is not even necessary, although done in this case, that the insured by made a party defendant.
For the above reasons the judgment of dismissal of the plaintiff’s petition is reversed and this matter is remanded to the District Court for further proceedings. The defendant-appellee is cast for all costs of this appeal.
REVERSED AND REMANDED.
DOMENGEAUX, J., concurs and assigns reasons.