548 So.2d 115 (1989)
Ellen H. COHEN
v.
Shirrell P. LANDRY and U.S.A.A. Insurance Company.
No. 89-C-1098.
Court of Appeal of Louisiana, Fourth Circuit.
September 5, 1989.
*116 Roy M. Cascio, Asst. Parish Atty., Gretna, for relator.
C. Gordon Johnson, Jr., New Orleans, for respondents.
Before GARRISON, BARRY and KLEES, JJ.
On October 19, 1988, plaintiff, Ellen H. Cohen, an Orleans Parish domiciliary, filed suit in Orleans Parish against Shirrell Landry, an Orleans Parish domiciliary, for personal injuries sustained in an automobile accident that occurred in Jefferson Parish. U.S.A.A. Insurance Company (U.S.A.A.), a foreign corporation licensed to do and doing business in Louisiana, was also named as a defendant. U.S.A.A. was, at all pertinent times, Landry's insurer.
The defendants filed a third party demand against the Parish of Jefferson. An exception of improper venue was filed by the Parish of Jefferson. The trial court denied the exception and the Parish of Jefferson now seeks supervisory writs from an interlocutory judgment. The question propounded in this case is, does LSA-R.S. 13:5104 require that any suit brought against the Parish of Jefferson be brought in Jefferson Parish or the district court having jurisdiction in the parish in which the cause arises?
LSA-R.S. 13:5104(B) states as follows:
B. All suits filed against a political subdivision of the state shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises.
"Suit" in 13:5104 is defined in R.S. 13:5102(C) as a civil action, whether instituted by principal or incidental demand. Thus, U.S.A.A.'s third party demand against the Parish of Jefferson would qualify as a "suit" as contemplated in R.S. 13:5104(B). This would make the only proper venue for action against the Parish of Jefferson in this case Jefferson Parish as it is both the locale of the political subdivision and the cause of action.
This statute seemingly conflicts with C.C.P., art. 1034 in this instance. Art. 1034 provides that a defendant in an incidental action may plead any of the exceptions available to the defendant in the principal action with the exception of venue. Art. 1034 does not allow an exception of improper venue where the principal action has been instituted in the proper venue.
However, LSA-R.S. 13:5103 allows that in suits against the state and political subdivisions, the general rules of procedure apply unless the provisions of Part XV of Title 13 provide otherwise. The statutes of Title 13, Part XV govern in the event of any conflict with the Code of Civil Procedure.
Thus, while according to C.C.P., art. 42 venue is proper as to the principal parties, Orleans Parish is incorrect venue for the Parish of Jefferson according to LSA-R.S. 13:5104(B). In the instant case the cause of action arose in Jefferson Parish and the Parish of Jefferson is obviously not located within Orleans Parish. Therefore, the trial court was incorrect in denying the third party defendant's motion.
*117 For these reasons, we grant the writ, the trial court's judgment denying the exception of venue by the Parish of Jefferson. The matter is remanded to the trial court for further proceedings consistent with this judgment.