WRIT GRANTED AND MADE PEREMPTORY: Once the trial court sustained the third party defendant’s exception of improper venue, and ordered the third party demand transferred to Caddo Parish, it was an abuse of discretion for the trial court to refuse to grant the plaintiffs’ motion to sever the third party demand from the principal demand.
Pursuant to R.S. 13:5104(B) a suit against a political subdivision, including a third party demand, must be filed in the district court having jurisdiction in the parish where the political subdivision is located or in the district court having jurisdiction in the. parish where the cause arises. Cohen v. Landry, 548 So.2d 115 (La.App. 4th Cir. 1989). However, R.S. 13:5104(B) only requires the suit filed against the political subdivision be tried in either of the venues specifically listed in the statute.
In the present case, the third party demand against the City of Shreveport must be heard in Caddo Parish, since the accident occurred in Caddo Parish. However, venue is proper as to the principal action in either Natchitoches or Caddo Parish. Plaintiff, a domiciliary of Natchitoches, had made his uninsured motorist carrier a party defendant. Pursuant to C.C.P. art. 76, an action on any type of insurance policy other than life and health and accident policies may be brought in the parish where the insured is domiciled, making Natchitoches Parish a place of proper venue. Kellis v. Farber, 523 So.2d 843 (La.1988).
In the present case the trial court evidently determined that Natchitoches Parish was not an appropriate forum, since the accident occurred in Caddo Parish, most of the witnesses resided in Caddo Parish, and the third party demand had to be transferred and tried in Caddo Parish. Pursuant to C.C.P. art. 123, the trial court does have discretion to transfer a civil suit to another district court based upon these reasons, if the suit is not brought in the parish in which the plaintiff is domiciled and in a court which is otherwise a court of competent jurisdiction and proper venue.
In the present case, the plaintiff is domiciled in Natchitoches Parish and the plaintiff filed suit in the district court for that parish. Since that court was a court of competent jurisdiction and a court of proper venue, the trial court erred in transferring the principal action to another district court.
*249 For the reasons stated above, the plaintiff’s motion to sever the third party demand is sustained.