614 So.2d 262 (1993)
Ray JONES and Judy Jones Sluppick, Plaintiffs-Appellants,
v.
MASSACHUSETTS BAY INSURANCE COMPANY, Steven L. Staplers and Frank G. Carpenter, Defendants-Appellees.
No. 92-130.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*263 Thomas, Dunahoe & Thomas, Edwin Dunahoe, Natchitoches, for plaintiffs-appellants.
Frances B. Jack and Gary M. Parker, Blanchard, Walker, O'Quin & Roberts, James L. Ferracci, Joseph S. Woodley, Shreveport, Gregory & West, A.J. Gregory, Natchitoches, for defendants-appellees.
Before DOMENGEAUX, C.J., and DOUCET and DECUIR, JJ.
DOMENGEAUX, Chief Judge.
Plaintiffs, Ray Jones and Judy Jones Sluppick, appeal the dismissal of their tort action after the trial court sustained an exception of improper venue filed by defendants, Steven Staplers and Frank Carpenter. For the following reasons, we reverse.
The plaintiffs, residents of Natchitoches Parish, filed suit in that parish for the wrongful death of their 25 year old son who was killed in a vehicular accident in Shreveport (Caddo Parish). The plaintiffs' petition alleged that the accident was caused by the negligence of Staplers and Carpenter in their operation of a vehicle owned by the City of Shreveport. The plaintiffs named as defendants Staplers, Carpenter, and the plaintiffs' uninsured motorist carrier, Massachusetts Bay Insurance Company, but not the City of Shreveport. Before answering the suit, Staplers and Carpenter filed an exception of improper venue which the trial court denied. They did not seek review of this ruling, but in their answer they reserved their objection to venue in Natchitoches Parish.
Massachusetts Bay then filed a third party demand against the City of Shreveport and cross claims against Staplers and Carpenter. The trial court sustained an exception of improper venue filed by the City of Shreveport, finding that the City could only be sued in Caddo Parish under La.R.S. 13:5104 B. Over the plaintiffs' objection, the court also transferred the principal demand as well as the third party demand to Caddo Parish. Upon the plaintiffs' application, we granted supervisory writs and found that the trial court erred in failing to sever the principal demand from Massachusetts Bay's third party demand. See Jones v. Massachusetts Bay Ins. Co., 573 So.2d 248 (La.App. 3d Cir.1990), writ denied, 576 So.2d 31 (La.1991), where we stated:
Pursuant to R.S. 13:5104(B) a suit against a political subdivision, including a third party demand, must be filed in the district court having jurisdiction in the parish where the political subdivision is located or in the district court having jurisdiction in the parish where the cause arises. Cohen v. Landry, 548 So.2d 115 *264 (La.App. 4th Cir.1989). However, R.S. 13:5104(B) only requires the suit filed against the political subdivision be tried in either of the venues specifically listed in the statute.

In the present case, the third party demand against the City of Shreveport must be heard in Caddo Parish, since the accident occurred in Caddo Parish. However, venue is proper as to the principal action in either Natchitoches or Caddo Parish. Plaintiff, a domiciliary of Natchitoches, had made his uninsured motorist carrier a party defendant. Pursuant to C.C.P. art. 76, an action on any type of insurance policy other than life and health and accident policies may be brought in the parish where the insured is domiciled, making Natchitoches Parish a place of proper venue. Kellis v. Farber, 523 So.2d 843 (La.1988). (Emphasis added.)
573 So.2d at 248.
Massachusetts Bay later filed a motion to deposit its policy limits and interest (a total of $28,996.57) into the registry of the court. After the plaintiffs were given permission to withdraw these funds, Massachusetts Bay filed a motion for summary judgment which the trial court granted. Upon dismissal of Massachusetts Bay as a principal defendant, Staplers and Carpenter reurged their objection to venue in Natchitoches Parish. The trial court agreed with their position and dismissed the plaintiffs' demand against Staplers and Carpenter. It is this ruling that the plaintiffs now appeal.
In our earlier opinion in this case, we recognized that venue in Natchitoches Parish was proper as to the defendants named in the principal demand. We decline to re-examine that ruling at this stage, but for the sake of completeness, we will summarize the principles underlying that decision here. The plaintiffs filed suit in the parish of their domicile against their own uninsured motorist carrier and two alleged tortfeasors. Under La.C.C.P. art. 73, in an action on an offense or quasi offense, venue in the plaintiff's domicile is proper if that parish would be a proper venue as to any named solidary obligor under either La.C.C.P. art. 76 or La.R.S. 13:3201. The tortfeasor and the plaintiff's uninsured motorist carrier are solidary obligors with respect to the victim, Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982); and the uninsured motorist carrier may be sued in the parish of the plaintiff's domicile as provided in La.C.C.P. art. 76, Kellis v. Farber, 523 So.2d 843 (La. 1988).
The issue presented now is whether venue in the plaintiffs' domicile remains proper as to the remaining nonresident defendants after the uninsured motorist carrier is dismissed upon tender of its policy limits and interest.[1] On this question, La. C.C.P. art. 73 provides in part:
If an action against this defendant is compromised prior to judgment, or dismissed after trial on the merits, venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.
The defendants argue that venue is no longer proper because Massachusetts Bay was dismissed on summary judgment rather than by compromise or after trial on the merits, and because the joinder of Massachusetts Bay was made for the sole purpose of obtaining venue as to Staplers and Carpenter.
Massachusetts Bay chose to forego any defenses it may have had to the principal demand and deposited its policy limits in the registry of the court. Massachusetts Bay was dismissed upon the plaintiffs' receipt of these funds. The circumstances *265 surrounding this dismissal are similar to those of a compromise as contemplated by article 73.
Under article 76, the plaintiffs were entitled to sue their own uninsured motorist carrier in the parish of their domicile; under the jurisprudence, the plaintiffs' uninsured motorist carrier is liable in solido with the tortfeasors. Kellis, Hoefly. The cases where the nonresident defendants have obtained dismissals pursuant to the second paragraph of article 73 have generally involved situations where solidarity never existed between the nonresident and the resident defendants. See, e.g., Vincent v. Penrod Drilling, 372 So.2d 807 (La.App. 3d Cir.1979), writ denied, 375 So.2d 646 (La.1979). In those cases, the resident defendants were dismissed prior to trial on the merits, usually on an exception of no cause of action. The "resident" defendant in the instant case, the uninsured motorist carrier, was not a party unrelated to the litigation. In fact, the plaintiffs recovered the full policy limits against this defendant. Under these circumstances, we cannot conclude the joinder was made solely to obtain venue over the nonresident defendants. We therefore find that the trial court erred in sustaining the defendants' exception and in dismissing the plaintiffs' suit.
The unusual procedural history of this case is no doubt due to an inconsistency in La.R.S. 13:5101 et seq., pertaining to suits against the State, its agencies, and political subdivisions. At the time this suit was filed in February of 1990, § 5104 B, which contains mandatory venue provisions for political subdivisions, did not include any reference to employees or officers of a political subdivision, although § 5101, the introductory section did. In 1991, after our previous decision in this case (writs denied), the legislature amended § 5104 B to conform with § 5101. § 5104 B now provides that suits against officers or employees of a political subdivision arising out of the discharge of their official duties or in the course and scope of their employment shall be brought in the parish where the political subdivision is located or where the cause arises. In view of this legislative "house cleaning," an argument may be made that the instant situation may not arise again in the future. See La.R.S. 13:5103; Cohen v. Landry, 548 So.2d 115 (La.App. 4th Cir. 1989).
For the above reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed to defendants, Steven L. Staplers and Frank G. Carpenter.
REVERSED AND REMANDED.
NOTES
[1] Plaintiffs argue the defendants have waived any objections to venue by not seeking review of the trial court's overruling of their first exception. We disagree. See the concurring opinion in Stretton v. Hartford Accident & Indemnity Co., 341 So.2d 1283 (La. 3d Cir.1977), which recognized that an exception of improper venue must be filed before answer but cannot be heard until the resident obligor is dismissed, if the exception is based upon the second paragraph of article 73. Defendants did file a timely exception, although it was based upon different grounds. We cannot say defendants have waived their right to object to venue in view of the subsequent dismissal of Massachusetts Bay.