|1BARRY, Judge.
On May 5, 1994 Audrey Cantrelle, a St. Bernard Parish resident, was driving in the right lane on St. Claude Ave. Orange cones had been placed between the two lanes of westbound traffic. Cantrelle believed the left lane was closed to traffic and made a left turn onto Piety St. Her vehicle was struck by a truck in the left lane and she was injured. She filed suit in St. Bernard Parish against: Willie Bell, the driver of the truck; State Farm Mutual Insurance Company, Bell’s insurer; Boh Bros. Construction Company, the company in charge of the road construction work and its unknown insurer; and Liberty Mutual Insurance Company, Cantrelle’s uninsured/underinsured motorist carrier (Bell was underinsured). Bell and State Farm’s exception of improper venue was granted by the trial court.
Cantrelle’s appeal submits that the trial court erred by interpreting La.C.C.P. art. 76 as an exception to the general venue rules of art. 42 (instead of finding that art. 42 is subject to art. 76 pursuant to art. 43) and by finding |2that her actions against her U/M carrier sounded only in contract and art. 73 (as amended in 1989) did not apply.
La.C.C.P. art. 42 provides:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile....
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located.
[[Image here]]
(7) A foreign or alien insurer shall be brought in the parish of East Baton Rouge.
The general venue rules of art. 42 are subject to the exceptions provided in arts. 71 through 85 and as otherwise provided by law. La.C.C.P. 43. If articles 78 through 83 do not apply and there is a conflict between two or more of articles 42 and 71 through 77, a plaintiff may file the action in any venue provided by any applicable article. La. C.C.P. art. 45.
La.C.C.P. art. 76 provides in pertinent part that an “action on any other type of insurance policy [life insurance and health and accident insurance are covered elsewhere in the article] may be brought in the parish where the loss occurred or the insured is domiciled.” A plaintiff may sue his uninsured motorist carrier in the parish of his domicile pursuant to La.C.C.P. art. 76. Kellis v. Farber, 523 So.2d 843 (La.1988); Thompson v. Prudential Property and Casualty Insurance Company, 562 So.2d 34 (La.App. 4th Cir.1990). An uninsured motorist carrier and joint tortfeasors are solidarily liable. Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982). See |3also Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383 (La.1993).
In 1988 the Supreme Court considered venue when a personal injury plaintiff sued a tortfeasor, his employer, their insurer and plaintiffs U/M carrier in the parish of her domicile (not where the accident occurred). *792 Kellis, 523 So.2d at 843. At that time art. 73 provided: “An action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.”
The Supreme Court held that La.C.C.P. art. 42 was subject to arts. 73 and 76 (because of art. 43’s language). Art. 42 incorporated art. 76’s provision that a plaintiff could sue his U/M carrier in the place of his domicile and art. 73’s provision that an action could be brought in any parish of proper venue under art. 42 as to any solidarity liable defendant. The Court held that the U/M carrier and other defendants were solidarity liable to the plaintiff and venue as to the U/M carrier (plaintiffs domicile under art. 76) was proper as to the other defendants under La.C.C.P. art. 73.
In 1989 La.C.C.P. art. 73 was amended to provide:
A. An action against joint or solidary ob-ligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiffs domicile would be a parish of proper venue against any defendant under either Article 76 or R.S.13:3203.
The Comments-1989 to art. 73 declare: This Article is amended to provide that the reference to Article 42 does not include the exceptions under Articles 71 through 85. |4It also provides that venue is proper in plaintiffs domicile in an action for an offense or quasi offense against solidary or joint obligors if it is proper venue against any defendant under Article 76 or R.S. 13:3203.[1]
The language of La.C.C.P. art. 73 is not clear and courts must interpret the 1989 amendment in light of Kellis, 523 So.2d at 843. The defendants argue that art. 73’s first clause requires that venue is proper under art. 42 only and St. Bernard Parish is improper. The second clause of art. 73A (“provided that_”) requires that the action sound in tort. Because Cantrelle’s suit against Liberty Mutual, her U/M carrier, is contractual in nature, the defendants argue that art. 73’s second clause does not apply. In reasons for judgment the trial court stated:
Article 73 however requires [sic] that actions for an “offense or quasi offense” can be brought in plaintiffs domicile only if venue is proper against any other defendant. The Court finds that plaintiffs actions against her U/M carrier lie in contract, not in tort. Therefore, plaintiffs suit should be brought in the parish where the accident occurred, namely Orleans.
The trial court erred because its reading of the second clause is incorrect. La.C.C.P. art. 76 deals only with insurance and all claims relating to that article would sound in contract. If art. 73 requires that the action be only for damages for an offense or quasi offense, there is no basis to include art. 76.
Cantrelle persuasively argues that under La.C.C.P. arts. 76 and 73 she can sue all of the defendants in the parish of her domicile. She quotes Boeck |5v. Performance Toyota of Louisiana, Inc., 562 So.2d 458, 460 (La.App. 5th Cir.1990), which stated in dicta:
In amending Article 73, the legislature apparently intended to limit to some extent the application of Kellis. However, it is notable that the new article somewhat codifies Kellis, as well as expands the previous provision, because it allows a plaintiff to sue solidary or joint obligors for damages in his or her domicile when the action involves an offense or quasi-offense and when one of those defendants falls within *793 the provisions of either Article 76 ... or the long arm statute....
Cantrelle also cites Jones v. Massachusetts Bay Insurance Company, 614 So.2d 262, 264 (La.App. 3rd Cir.1993), which held that under La.C.C.P. art. 73 as amended “in an action on an offense or quasi offense, venue in the plaintiffs domicile is proper if that parish would be a proper venue as to any named solidary obligor under either La. C.C.P. art. 76 or La.R.S. 13:3201.” The Third Circuit concluded that venue was proper in the parish where plaintiffs were domiciled because plaintiffs named their UM carrier as a party defendant and the other defendants were solidary obligors. Id.[2]
Cantrelle’s accident occurred in Orleans Parish. Cantrelle was a resident of St. Bernard Parish. Under La.C.C.P. art. 76 Can-trelle could sue her UM carrier, Liberty Mutual, in St. Bernard Parish where she was domiciled. Liberty Mutual and the other defendants are solidarily liable. Therefore, under La.C.C.P. art. 73 venue in St. Bernard Parish was proper as to Liberty Mutual and the other solidarily liable defendants. See Jones, 614 So.2d at 262.
|fiThe judgment sustaining the exception of improper venue is reversed and the matter remanded for further proceedings.

REVERSED; REMANDED.

. 1989 La. Acts 117, which amended and reenacted a number of venue articles including art. 73, contained a 1989 Comment with the following statement: "The amendment changes the result in Kellis v. Farber, 523 So.2d 843 (La.1988).” That sentence was deleted and does not appear in Art. 73's Comments-1989 in the Louisiana Code of Civil Procedure. According to the Historical and Statutory Notes the Comment to art. 73 in La. Acts 1989, 117 was revised "due to legislative changes in the article text following the drafting of the original 1989 Comment.” In the Editor’s Notes (by William Crawford) to arts. 73 and 76 in the 1994 Pamphlet, Kellis appears as holding "that arts. 43 makes C.C.P. art. 42 'subject to’ the exceptions provided in C.C.P. arts. 73 and 76.”

. The Third Circuit's writ grant on the issue of venue and severance (summarized in the appeal discussed above) is at 573 So.2d 248 (La.App. 3rd Cir.1990), writ denied, 576 So.2d 31 (La.1991).