11 MARVIN, Chief Judge.
In this expedited appeal of a judgment overruling an exception of improper venue, we affirm the trial court’s determination that Union Parish is a parish of proper venue for an action for damages arising out of a March 31,1995 automobile accident in Ouachita Parish, the parish of the defendant-driver’s domicile. Compare La. C.C.P. arts. 42, 74 with arts. 73, 76.
*505 DISCUSSION
Plaintiffs Farrar, a wife and a husband, initially named only the defendant driver and his liability insurer (Commercial Union) as defendants, but joined Mrs. Farrar’s uninsured motorist carrier (State Farm) as a defendant after the original defendants excepted to venue on the grounds that Union Parish was neither the defendant-driver’s domicile nor the parish where the alleged wrongful conduct occurred. La. C.C.P. arts. 42, 74.
The joinder of the UM carrier caused the exceptors to argue that Mrs. Farrar, the named insured in State Farm’s UM policy, was not domiciled in Union, but in Ouachita Parish, at the time of the accident, making venue in Union Parish improper even under La. C.C.P. arts. 73 and 76. Arts. 73 and 76 allow an action for personal injury damages against joint or solidary obligors, such as the defendant’s liability carrier and the plaintiffs UM carrier, to be brought in the parish where a plaintiff-insured is domiciled.
Mr. Farrar, always a Union Parish domiciliary, who was not in the Farrar car, is not a named insured in the UM policy. Defendants argued in the trial court that the insured, Mrs. Farrar, was not domiciled in Union Parish at the time of the accident. They asserted that she had been physically separated from her husband since December 1994, when she moved out of the matrimonial domicile inJjFarmerville, leased an apartment in Monroe and filed a petition for divorce in Ouachita Parish before the March 31,1995 accident.
Before the action was filed in August 1995, the plaintiffs had reconciled and resumed living together in Farmerville. The contested factual issue at the hearing on the exception was whether the reconciliation occurred before the accident, no later than January 1995, as plaintiffs testified, or after the accident, in June 1995, when Mrs. Farrar formally dismissed her action for divorce, as defendants argued.
The trial court found that the reconciliation occurred before the accident, making venue in Union Parish proper as to all defendants under La. C.C.P. arts. 73 and 76. The court rejected the exceptors’ contention that the UM carrier was joined as a defendant “for the improper purpose of attempting to defeat venue in Ouachita Parish.”

Mrs. Farrar’s Domicile

The determination of a plaintiff-insured’s domicile under La. C.C.P. arts. 73 and 76 is to be made as of the time the action is fíled. See Thompson v. Prudential Property and Casualty Ins. Co., 562 So.2d 34 (La.App. 4th Cir.1990). See also and compare Coleman v. Fisher Lumber Corp., 28,446 at p. 14 (La.App.2d Cir. 6/26/96), 677 So.2d 678, 685, writ denied; Matter of Custody of Booty, 95-0828 at p. 3 (La.App. 1st Cir. 11/9/95), 665 So.2d 444, 446; and Smith v. Smith, 357 So.2d 93, 94 (La. App. 4th Cir. 1978).
Notwithstanding that Mrs. Farrar’s UM carrier, State Farm, was not named as a defendant in the original petition, the excep-tors admit that plaintiffs had reconciled by June 1995. When the action was brought against the original defendants in August 1995, and when State Farm was joined as a defendant in ^October 1995, Mrs. Farrar’s domicile was in Union Parish. Venue in Union Parish is proper as to all defendants under La. C.C.P. arts. 73 and 76, even should we disagree with the trial court’s factual finding that the reconciliation occurred before the accident.

Improper Joinder?

La. C.C.P. art. 73(B) provides that if the action against the plaintiffs insurer is
compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.
The argument of the exceptors that plaintiffs joined State Farm for the sole purpose of establishing venue in Union Parish is premature at this juncture. State Farm has answered the original and amended petitions and has filed a cross-claim and a petition of intervention against Commercial Union and its insured to recover medical expenses paid under Mrs. Farrar’s medical payments coverage.
According to this record, plaintiffs’ claims against State Farm have not been “compromised prior to judgment, or dismissed after a *506 trial on the merits. Until one of those events occurs, the plaintiffs’ reason or motive for joining State Farm as a defendant is not subject to judicial scrutiny. See and compare Stretton v. Hartford Acc. & Indem. Co., 341 So.2d 1283 (La.App. 3d Cir.1977) and Jones v. Massachusetts Bay Ins. Co., 614 So.2d 262 (La.App. 3d Cir.1993).
DECREE
At appellants’ cost, the judgment overruling the exception of improper venue is AFFIRMED.
Before MARVIN, C. J, and BROWN, WILLIAMS, GASKINS and PEATROSS, JJ.