704 So.2d 927 (1997)
Terence P. HAYDEN
v.
Maximo GITTENS, et al.
No. 97-CA-0726.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1997.
*928 James R. Strain, Jr., Pamela L. Hershey, Slidell, for Plaintiff/Appellant.
Lindsay A. Larson, III, O'Neil, Eichin, Miller, Saporito & Harris, New Orleans, for Defendants/Appellees.
Before BYRNES, ARMSTRONG and LANDRIEU, JJ.
LANDRIEU, Judge.
As a result of his involvement in an automobile accident on September 14, 1992, in Orleans Parish, Father Terence P. Hayden filed a lawsuit on August 30, 1993, in his domicile at the time, St. Tammany Parish. Hayden sued Triple E Transport (Triple E), the owner of the other vehicle involved in the accident; Maximo Gittens, Triple E's employee and the driver of that vehicle; Virginia Casualty Company, Hayden's uninsured/underinsured motorist (UM) carrier; as well as the automobile liability insurers of Gittens and Triple E. Although service was requested on Triple E, Gittens, and Virginia, service of the petition was accomplished only as to Virginia on October 7, 1993. Service was unsuccessfully attempted on Gittens and Triple E in early October 1993[1].
On December 14, 1993, Hayden motioned the court to have his suit transferred to Orleans Parish for consolidation with several suits filed there arising out of the same accident. The trial court in St. Tammany Parish granted Hayden's motion, and the transfer was effected on December 16, 1993.
On February 6, 1995, Hayden had a special process server appointed to serve defendants, Triple E and Gittens, neither of whom had ever been served with the petition. Triple E was served on February 17, 1995; Gittens has never been served with the petition.
After the transfer, on November 20, 1996, Triple E and Gittens filed an exception of prescription, claiming that Triple E was not served until after the prescriptive period had tolled and that prescription was not interrupted by Hayden timely filing suit in St. Tammany Parish against the two tortfeasors and Virginia Casualty, Hayden's UM carrier. Hayden appeals the trial court judgment of December 23, 1996, which granted the exception of prescription. Finding that the trial judge erred in granting the exception of prescription, we reverse.
In his appeal, Hayden contends that the trial judge's error arises out of his incorrect retroactive application of Rizer v. American Sur. & Fid. Ins. Co., 95-1200, (La.3/8/96), 669 So.2d 387, which effected a substantive change in the law. While the trial judge did err in granting the exception of prescription, we do not know whether the trial judge applied Rizer, much less applied the case retroactively.
Prescription is interrupted by the filing of suit in a court of competent jurisdiction and venue. If the action is commenced in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. La. Civ.Code art. 3462. The interruption of prescription against one solidary obligor is effective against all solidary obligors. La. Civ.Code art. 1799. In this case, therefore, the validity of the prescription exception hinges upon a determination of whether St. Tammany Parish was a proper venue and whether Triple E, Gittens, and Hayden's UM carrier are solidary obligors.
As to whether the suit was filed in a proper venue, La.Code Civ. Proc. art. 76 provides:

*929 An action on a life insurance policy may be brought in the parish where the deceased died, the parish where he was domiciled, or the parish where any beneficiary is domiciled.
An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.
An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled.
St. Tammany Parish, therefore, was a proper venue for Hayden's suit against his UM carrier, because the suit is an action on an insurance policy brought by an insured in the parish of his domicile. See Kellis v. Farber, 523 So.2d 843, 845 (La.1988). Furthermore, our state's venue rules also provide in La.Code Civ. Proc. art. 73 that:
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.61.
In Kellis, the supreme court "bootstrapped" La.Code Civ. Proc. arts. 73 and 76, both permissive supplemental venue rules, to the general rule of venue found in La.Code Civ. Proc. art. 42. Although it is apparent that the legislature, in 1989, reacted to the Kellis decision by inserting the word "only" after "Article 42" in article 73, as well as the Direct Action Statute, La.Rev.Stat. 22:655 B(1), we would not go as far as this court did in Rufus Boatwright v. Metropolitan Life Insurance Co., 95-2525, 95-2473 (La.App. 4th Cir. 3/27/96), 671 So.2d 553, writ denied 96-1327 (La.6/28/96), 675 So.2d 1130 to find that Kellis was "implicitly overruled."
In 1989, when the legislature inserted "only" in article 73, it also added that venue is proper in the plaintiff's domicile in an action against solidary obligors if it is a proper venue against any defendant under article 76. Kellis, as well as the instant case, involves the venue issue in a suit filed in the plaintiff's domicile. Rufus did not involve a choice of a plaintiff's domicile or involve a UM carrier, and it focused on the venue provision of the direct action statute, not articles 73 and 76. In our view, considering both 1989 changes in article 73, Kellis would be resolved in the same way today.
Pursuant to articles 73 and 76, it is clear that if the defendants in this case are solidary obligors, then St. Tammany Parish was a proper venue for Hayden to have filed his lawsuit in originally. Hence, the restriction on the interruption of prescription under La. Civ.Code art. 3462 to only those defendants served by process within the prescriptive period would not be applicable here.
Pursuant to Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982), Triple E, Gittens, and the UM carrier are solidary obligors. The Louisiana Supreme Court in Hoefly stated:
The question presented by this case is whether an automobile accident victim's [UM] carrier is solidarily obliged with the tortfeasor so that the victim's timely suit against the latter interrupts prescription with regard to the insurer. The court of appeal affirmed the trial court's judgment sustaining the insurer's plea of prescription, holding that the plaintiffs' timely suit against two tortfeasors, one uninsured and another underinsured, failed to interrupt prescription because the uninsured motorist insurer and the tortfeasors were not solidary obligors. We reverse. An obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor. When these characteristics result from provisions of law, as in the case of the obligation of the tortfeasor and uninsured motorist carrier, an obligation in solido exists without requiring an express declaration. Consequently, the plaintiff's timely and properly filed suit against the tortfeasors interrupted prescription *930 as to his uninsured motorist carrier.
Hoefly, 418 So.2d at 576.
Triple E and Gittens attempt to distinguish Hoefly on the basis that in the instant case the UM carrier will likely not be held responsible for any amount of damages because the limits of liability on Triple E's liability insurance policy cannot be exhausted, whereas in Hoefly, the tortfeasors were uninsured or underinsured. This distinction, however, is without merit because the basis for solidarity is determined as of the time suit is filed, and solidarity, once determined, is not negated by a later determination of policy limits, settlement offers or agreements, or the ultimate solvency of a particular insurer. Indeed, as Chief Justice Calogero observed in his dissent in Rizer[2]:
In this case, the uninsured motorist insurer remains potentially obligated to pay the full amount of damages until such time as the liability insurer fulfills its obligation to pay its policy limits. If, for some reason, the liability insurer cannot pay its policy limits, such as insolvency, the uninsured motorist insurer is so bound to pay. In light of this potential or conditional liability, I believe the uninsured motorist insurer and the liability insurer are indeed at least conditionally solidarily bound and were so at the time the timely lawsuit was filed against the tortfeasor's liability insurer....
Rizer, 669 So.2d at 392.
Therefore, our jurisprudence currently includes Hoefly, which explicitly holds that a tortfeasor and the plaintiff's UM carrier are solidary obligors, and Rizer, which holds that a tortfeasor's motor vehicle liability insurer and the plaintiff's UM carrier are not solidary obligors. Clearly, Rizer did not explicitly or implicitly overrule Hoefly. Rather, Rizer accepted much of the language in Hoefly, as well as Hoefly`s ultimate finding of solidary liability.[3]
In the instant case, like in Hoefly, we are questioning the status of the obligations of the tortfeasors and the UM carrier, not the tortfeasors' liability insurer and that of the UM carrier, as in Rizer. Hence, it is the principles in Hoefly which we will follow. In doing so, we are led to the conclusion that Triple E, Gittens and Hayden's UM carrier, Virginia, were solidary obligors such that an interruption of prescription against one interrupted prescription as to all.
Accordingly, the trial judge erred in granting the exception of prescription put forth by Triple E and Gittens and in dismissing these defendants from the lawsuit. The December 23, 1996 judgment of the trial court is reversed.
REVERSED.
NOTES
[1] The return of service on Gittens at the address he allegedly gave to the police officer at the scene of the accident indicated that he did not live at that address. The return of service on Triple E at the address on record with the Secretary of State showed that the registered agent for service of process for Triple E was "not at this address as per mother."
[2] The issue presented in Rizer, which is similar to, yet distinct from, the issue in Hoefly, was whether an accident victim's uninsured motorist carrier is solidarily obligated with the tortfeasor's liability carrier so that the victim's timely suit against the latter interrupts prescription with regard to the victim's uninsured motorist carrier. Rizer, 669 So.2d at 388.
[3] Although some of the theoretical bases of the Hoefly and Rizer opinions are arguably inconsistent, it is the prerogative of the Supreme Court to reconcile any inconsistencies if and when it sees fit.