| ARMSTRONG, J.,
DISSENTING WITH REASONS.
I respectfully dissent because I believe that Orleans Parish is a proper venue for this action. I note that, while the plaintiff filed suit in both Orleans Parish and Jefferson Parish, she withheld service of the Jefferson Parish suit because her preferred venue is Orleans Parish.
Plaintiff-appellant Gloria Verret was a passenger in a car driven by Evelyn Gavin which was involved in a collision with a car driven by Andre Cannon. Mr. Cannon has automobile liability insurance with State Farm Insurance Company. Ms. Gavin has uninsured/underinsured motorist (“UM”) coverage with USAA Insurance Company. Ms. Verret sued Andre Cannon, State Farm and USAA in Orleans Parish. With respect to her claim against USAA, Ms. Verret alleged that Mr. Cannon is underin-sured and that she, Ms. Verret, has UM coverage under Ms. Gavin’s USAA policy.
Mr. Cannon is domiciled in Jefferson Parish. Ms. Gavin is domiciled in Maryland. Ms. Verret is domiciled in Orleans Parish. State Farm and USAA are foreign insurers. The accident happened in Jefferson Parish.
Mr. Cannon and State Farm filed exceptions of improper venue. They argued that, while they could be sued in either Jefferson Parish (because that is the location of the accident and because Mr. Cannon is domiciled there), or in East 12Baton Rouge Parish (because State Farm is a foreign insurer), Orleans Parish is not a proper venue. The trial court maintained their exceptions and transferred the case to Jefferson Parish.
Ms. Verret argues that she may sue USAA, as her UM insurer, in the parish where she is domiciled, which is Orleans Parish. She further argues that, because Mr. Cannon and State Farm are solidary obligors with USAA, she may sue them in Orleans Parish as well. Although the legal authorities I rely upon are different from those cited by Ms. Verret, and although I think that the legal analysis involved is different from that advanced by Ms. Ver-ret, I agree that she can sue USAA, Mr. Cannon and State Farm in Orleans Parish.
This court dealt with almost the same issues that confront us in the present case in our decision in Gaspard v. Louisiana Farm Bureau Ins. Co., 96-2148 (La.App. 4 Cir. 11/6/96), 684 So.2d 55 (discussing Can-trelle v. State Farm Mut. Auto. Ins. Co., 94-1940 (La.App. 4 Cir. 4/13/95), 654 So.2d 790 and Boatwright v. Metropolitan Life Ins. Co., 95-2525, 95-2473 (La.App. 4 Cir. 3/27/96), 671 So.2d 553). In that case, the plaintiff, Gaspard, was domiciled in Orleans Parish. The accident occurred in Jefferson Parish. The defendant alleged tortfeasor, Cousins, was domiciled in Jefferson Parish and insured for liability by a foreign insurer (while the case was still in the trial court, Gaspard voluntarily dismissed without prejudice his claim against Cousins’ liability insurer). Gaspard had UM coverage with State Farm, which was a foreign insurer.
Cousins filed an exception of improper venue. Gaspard argued that, under Article 76 of the Code of Civil Procedure, he could sue his UM carrier in the parish in which he was domiciled, which was Orleans Parish. Gaspard also argued that, as Cousins was solidarily liable with the UM carrier, he could sue Cousins in Orleans Parish. The Gaspard hcourt determined that the provisions of the Direct Action Statute, La. R.S. 22:655, apply to claims against UM carriers. The Gaspard court *581 also held that, under the Direct Action Statute, Article 76 venue was not available. However, the Gaspard court determined that, under the Direct Action Statute, the plaintiff can sue a UM carrier in the parish of the plaintiffs domicile. Thus, Gaspard could sue the UM carrier, State Farm, in Orleans Parish. Finally, the Gaspard court held that, as Cousins was solidarily hable with the UM carrier, Cousins also could be sued in Orleans Parish.[1]
The present case differs from Gaspard in only two respects. First, in Gaspard, the plaintiff was the named insured under the policy providing UM coverage. In the present case, Ms. Verret is not the named insured but is another person insured under the UM coverage of the USAA policy. I do not think this factual difference is of any consequence. Under Gaspard’s reasoning, the “insured party” can sue the UM carrier in the parish of his or her own domicile. Any person covered under the UM coverage of an insurance policy is “insured” for purposes of that UM coverage. If one is “covered” one is “insured.” Thus, I believe that Gaspard applies, not just to named insureds, but to other persons, such as Ms. Verret in the present case, covered (that is, insured) under the UM coverage of an automobile insurance policy.
Also, the present case differs from Gas-pard in that, in Gaspard, as of the time of the appellate decision, the defendant tort-feasor’s liability insurer was not a party. In the present case, both Mr. Cannon and his liability insurer, State Farm, are defendants. This is significant because, while a tortfeasor and a UM carrier are solidary obligors, Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982), a tortfea-sor’s automobile liability insurer and a UM carrier are not solidary obligors. Rizer v. American Sur. & Fid. Ins. Co., 95-1200 (La.3/8/96), 669 So.2d 387. Thus, while Mr. Cannon is an alleged solidary obligor with USAA, State Farm is not. However, because venue is proper as to Mr. Cannon, because he is an alleged solidary obligor with USAA, venue is also proper with respect to State Farm. This is because, as Mr. Cannon’s liability insurer, State Farm is solidarily liable with Mr. Cannon. La. R.S. 22:655(B)(1).
This court also dealt with almost the same issue as does the present case in Hayden v. Gittens, 97-0726 (La.App. 4 Cir. 12/10/97), 704 So.2d 927. In Hayden, the plaintiff, who was domiciled in St. Tammany Parish, filed suit in St. Tammany Parish against the UM carrier, Virginia Casualty, the driver with whom he collided, Gittens, and Gittens’ employer, Triple E. The accident was in Orleans Parish. Git-tens and Triple E filed exceptions and argued that venue was not proper in St. Tammany Parish. (The case had been transferred to Orleans Parish but that did not moot the venue question as the ultimate issue was whether prescription had been interrupted by the filing of suit in St. Tammany Parish. If St. Tammany Parish was not a proper venue, then prescription had not been interrupted with respect to Gittens and Triple E and the claim was prescribed as to them.)
The Hayden court found that Article 76 of the Code of Civil Procedure was applicable to a claim against a UM carrier and, therefore, venue was proper in the parish of the plaintiffs domicile, St. Tammany, for his suit against Virginia Casualty. The Hayden court also held that, under Hoefiy, Triple E and Gittens were solidary obli-gors with Virginia Casualty and that, *582 therefore, venue was proper in St. Tammany Parish for them as well.
The Hayden case differs from the present case in the same two respects that the Gaspard case differs from the present case: the plaintiff was the named insured 1 sand the tortfeasor’s liability insurer was not involved (the Hayden case liability insurer had been sued, perhaps by pseudonym, but apparently had not made any appearance). However, my above discussion of those two points in connection with my discussion of Gaspard is applicable to Hayden as well.
Under Hayden’s analysis, pursuant to Article 76, venue was proper in Orleans Parish for Ms. Verret’s' suit against USAA. Because Mr. Cannon is a solidary obligor with USAA, venue in Orleans Parish was proper with respect to him as well. Further, because State Farm is solidarity liable with Mr. Cannon, venue is proper in Orleans Parish as to State Farm as well.
There are differences between the reasoning of Gaspard and the reasoning in Hayden. However, under either of these cases, venue in Orleans Parish was proper in the present case.
For the foregoing reasons, I would reverse the judgment of the trial court and remand for further proceedings.

. One treatise suggests that Gaspard held that the Direct Action Statute "implicitly brings in Article 76.” W.S. McKenzie and H.A. Johnson III, 15 Louisiana Civil Law Treatise: Insurance Law and Practice § 25 n. 11 (2 nd ed. 1996) (Supp.1997 at 3-4). I read Gaspard somewhat differently. Gaspard holds that the Direct Action Statute excludes Article 76 but that the combination of the Direct Action Statute's own provisions with respect to venue with Article 42(1) results in the insured being able to sue the UM carrier in the parish of the insured's domicile. Of course, this is the same result as would occur if Article 76 were applicable. See Cantrelle, supra; Hayden, infra.