ON APPLICATION FOR REHEARING
| ARMSTRONG, Judge.
This is an automobile personal injury case. The only issue on appeal is venue. The plaintiff filed suit in Orleans Parish. Two of the defendants filed exceptions of improper venue. The trial court maintained those exceptions and transferred the case to Jefferson Parish. The plaintiff appeals. We find that Orleans Parish is a proper venue for this action and, therefore, we reverse and remand for further proceedings.
This appeal originally was heard by a three-judge panel. Two judges voted to reverse and one voted to affirm. Thus, the case was heard by a five-judge panel. On original hearing before the five-judge panel, three judges voted to affirm and two voted to reverse. A petition for rehearing was filed and, upon rehearing, three judges have voted to reverse and two judges have voted to affirm.[1]
Plaintiff-appellant Gloria Verret was a passenger in a car driven by Evelyn Gavin which was involved in a collision with a car driven by Andre Cannon. Mr. Cannon has automobile liability insurance with State Farm Insurance Company. _J¿Ms. Gavin has uninsured/underinsured motorist (“UM”) coverage with USAA Insurance Company. Ms. Verret sued Andre Cannon, State Farm and USAA in Orleans Parish. With respect to her claim against USAA, Ms. Verret alleged that Mr. Cannon is underinsured and that she, Ms. Verret, has UM coverage under Ms. Gavin’s USAA policy.
Mr. Cannon is domiciled in Jefferson Parish. Ms. Gavin is domiciled in Maryland. Ms. Verret is domiciled in Orleans Parish. State Farm and USAA are foreign insurers. The accident happened in Jefferson Parish.
Mr. Cannon and State Farm filed exceptions of improper venue. They argued that, while they could be sued in either Jefferson Parish (because that is the location of the accident and because Mr. Cannon is domiciled there), or in East Baton Rouge Parish (because State Farm is a *583 foreign insurer), Orleans Parish is not a proper venue. The trial court maintained their exceptions and transferred the case to Jefferson Parish.
Ms. Verret argues that she may sue USAA, as her UM insurer, in the parish where she is domiciled, which is Orleans Parish. She further argues that, because Mr. Cannon and State Farm are solidary obligors with USAA, she may sue them in Orleans Parish as well. Although the legal authorities we rely upon are different from those cited by Ms. Verret, and although we think that the legal analysis involved is different from that advanced by Ms. Verret, we agree that she can .sue USAA, Mr. Cannon and State Farm in Orleans Parish.
[¡¡This court dealt with almost the same issues that confront us in the present case in our decision in Gaspard v. Louisiana Farm Bureau Ins. Co., 96-2148 (La.App. 4 Cir. 11/6/98), 684 So.2d 55 (discussing Can-trelle v. State Farm Mut. Auto. Ins. Co., 94-1940 (La.App. 4 Cir. 4/13/95), 654 So.2d 790 and Boatwright v. Metropolitan Life Ins. Co., 95-2525, 95-2473 (La.App. 4 Cir. 3/27/96), 671 So.2d 553). In that case, the plaintiff, Gaspard, was domiciled in Orleans Parish. The accident occurred in Jefferson Parish. The defendant alleged tortfeasor, Cousins, was domiciled in Jefferson Parish and insured for liability by a foreign insurer (while the case was still in the trial court, Gaspard voluntarily dismissed without prejudice his claim against Cousins’ liability insurer). Gaspard had UM coverage with State Farm, which was a foreign insurer.
Cousins filed an exception of improper venue. Gaspard argued that, under Article 76 of the Code of Civil Procedure, he could sue his UM carrier in the parish in which he was domiciled, which was Orleans Parish. Gaspard also argued that, as Cousins was solidarily liable with the UM carrier, he could sue Cousins in Orleans Parish. The Gaspard court determined that the provisions of the Direct Action Statute, La. R.S. 22:655, apply to claims against UM carriers. The Gaspard court also held that, under the Direct Action Statute, Article 76 venue was not available. However, the Gaspard court determined that, under the Direct Action Statute, the plaintiff can sue a UM carrier in the parish of the plaintiffs domicile. Thus, Gaspard could sue the UM carrier, State Farm, in Orleans Parish. Finally, |4the Gaspard court held that, as Cousins was solidarily liable with the UM carrier, Cousins also could be sued in Orleans Parish.[2]
The present case differs from Gas-pard in only two respects. First, in Gas-pard, the plaintiff was the named insured under the policy providing UM coverage. In the present case, Ms. Verret is not the named insured but is another person insured under the UM coverage of the USAA policy. We do not think this factual difference is of any consequence. Under Gaspard’s reasoning, the “insured party” can sue the UM carrier in the parish of his or her own domicile. Any person covered under the UM coverage of an insurance policy is “insured” for purposes of that UM coverage. If one is “covered” one is “insured.” Thus, we believe that Gaspard applies, not just to named insureds, but to other persons, such as Ms. Verret in the present case, covered (that is, insured) under the UM coverage of an automobile insurance policy.
Also, the present case differs from Gaspard in that, in Gaspard, as of the time *584 of the appellate decision, the defendant tortfeasor’s liability insurer was not a party. In the present case, both Mr. Cannon and his liability insurer, State Farm, are defendants. This is significant because, while a tortfeasor and a UM carrier are solidary obligors, Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La. 1982), a tortfeasor’s automobile liability insurer and a UM carrier are not solidary | sobligors. Rizer v. American Sur. & Fid. Ins. Co., 95-1200 (La.3/8/96), 669 So.2d 387. Thus, while Mr. Cannon is an alleged solidary obligor with USAA, State Farm is not. However, because venue is proper as to Mr. Cannon, because he is an alleged solidary obligor with USAA, venue is also proper with respect to State Farm. This is because, as Mr. Cannon’s Lability insurer, State Farm is solidarity liable with Mr. Cannon. La. R.S. 22:655(B)(1).
This court also dealt with almost the same issue as does the present case in Hayden v. Gittens, 97-0726 (La.App. 4 Cir. 12/10/97), 704 So.2d 927. In Hayden, the plaintiff, who was domiciled in St. Tammany Parish, filed suit in St. Tammany Parish against the UM carrier, Virginia Casualty, the driver with whom he collided, Gittens, and Gittens’ employer, Triple E. The accident was in Orleans Parish. Git-tens and Triple E filed exceptions and argued that venue was not proper in St. Tammany Parish. (The case had been transferred to Orleans Parish but that did not moot the venue question as the ultimate issue was whether prescription had been interrupted by the filing of suit in St. Tammany Parish. If St. Tammany Parish was not a proper venue, then prescription had not been interrupted with respect to Gittens and Triple E and the claim was prescribed as to them.)
The Hayden court found that Article 76 of the Code of Civil Procedure was applicable to a claim against a UM carrier and, therefore, venue was proper in the parish of the plaintiffs domicile, St. Tammany, for his suit against Virginia Casualty. The Hayden court also held that, under Hoefly, Triple E and Gittens |fiwere solidary obli-gors with Virginia Casualty and that, therefore, venue was proper in St. Tammany Parish for them as well.
The Hayden case differs from the present case in the same two respects that the Gaspard case differs from the present case: the plaintiff was the named insured and the tortfeasor’s Lability insurer was not involved (the Hayden case liability insurer had been sued, perhaps by pseudonym, but apparently had not made any appearance). However, our above discussion of those two points in connection with our discussion of Gaspard is applicable to Hayden as well.
Under Hayden’s analysis, pursuant to Article 76, venue was proper in Orleans Parish for Ms. Verret’s suit against USAA. Because Mr. Cannon is a solidary obhgor with USAA, venue in Orleans Parish was proper with respect to him as well. Further, because State Farm is solidarity liable with Mr. Cannon, venue is proper in Orleans Parish as to State Farm as well.
There are differences between the reasoning of Gaspard and the reasoning in Hayden. However, under either of these cases, venue in Orleans Parish was proper in the present case.
With respect to the dissent’s concern that we have “found” that Ms. Verret is covered by the UM provisions of the USAA policy, we beheve that the present dissent has confused the merits with the venue issue and has misconstrued the ap-pellees’ venue argument and the trial court’s reasons for judgment. Ms. Verret has alleged that she is covered under the UM provisions of the USAA poLcy and the only issue in this appeal is the proper venue for that claim of coverage. If it is [7determined that Ms. Verret is not covered under the UM provisions of the USAA policy, then her claim against USAA will be defeated on the merits. Further, the argument on appeal of the exceptors-appellees, State Farm and Mr. Cannon, is not predicated upon Ms. Verret *585 not being a covered person under the USAA policy. Instead, State Farm and Mr. Cannon argue that, even assuming that Ms. Verret is a covered person under the USAA policy, venue is not proper in Orleans Parish. In fact, the trial court expressly based its decision upon the premise that Ms. Verret is a covered person but not a named insured: “Since Ver-ret is not shown as an insured [i.e. a named insured] but rather only as a covered person for purposes of USAA’s policy for UM coverage, no showing is made that Orleans Parish is a proper venue.” Judgment and Reasons of September 15, 1997 (emphasis added). Lastly, the dissent does not take account of this court’s prior Gaspard and Hayden decisions which we are obliged to follow.
For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings.

REVERSED AND REMANDED.

PLOTKIN, J. DISSENTS ON REHEARING FOR THE REASONS ASSIGNED BY J. WALTZER.
WALTZER, J. DISSENTS ON REHEARING WITH REASONS.

. One of the panel members voting with the majority, The Honorable Robert A. Katz, presided over this case for the first time only on rehearing.

. One treatise suggests that Gaspard held that the Direct Action Statute "implicitly brings in Article 76.” W.S. McKenzie and H.A. Johnson III, 15 Louisiana Civil Law Treatise: Insurance Law and Practice § 25 n.11 (2nd ed. 1996) (Supp.1997 at 3-4). We read Gaspard somewhat differently. Gaspard holds that the Direct Action Statute excludes Article 76 but that the combination of the Direct Action Statute’s own provisions with respect to venue with Article 42(1) results in the insured being able to sue the UM carrier in the parish of the insured’s domicile. Of course, this is the same result as would occur if Article 76 were applicable. See Cantrelle, supra; Hayden, infra.