592 So.2d 1361 (1991)
A & P BOAT RENTALS, INC.
v.
AMERICAN LLOYD'S, a Louisiana Lloyd's Plan Insurer, A B C Insurance Company, John H. Kastner, Oxford Underwriters, Inc., DEF Insurance Company, Earl N. Vaughan, John J. Messina, Gary M. Hellman, Yaughan, Messian & Hellman, GHI Insurance Company, Gerald J. Leblanc, Edgar F. Arbour, III, William L. Jennings, Crawford Shaw.
No. 90 CA 2028.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
*1362 Samuel F. Reynolds, Jr., Lugenbuhl, Burke, Wheaton, Peck & Rankin, New Orleans, for plaintiff-appellee A & P Boat Rentals, Inc.
William Penick, Dwight C. Paulsen, III, Lemle & Kelleher, New Orleans, for defendants-appellants Earl N. Vaughan, John J. Messina, Gary M. Hellman & Vaughan, Messina & Hellman.
Scott E. Silbert, Lombard & Silbert, Metairie, for plaintiff in intervention-appellee Bryan Thibodaux.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
LOTTINGER, Judge.
This is an appeal from an interlocutory judgment of the trial court overruling the declinatory exception raising the objection of improper venue urged by some of the defendants. The defendants-appellants, attorneys Earl N. Vaughan, John J. Messina, Gary M. Hellman, and their law firm (the Attorneys), assign as error the trial judge's conclusion that Lafourche Parish is a parish of proper venue under La.Code of Civil Procedure article 76 and/or La.Revised Statute 13:3203.
A & P moved, in its brief, to dismiss this appeal on grounds that the judgment overruling the Attorneys' declinatory exception raising the objection of improper venue is an interlocutory judgment from which no appeal lies. The record shows that no motion to dismiss was filed in this court; however, we do note that a judgment overruling the declinatory exception raising the objection of improper venue is an appealable judgment because it is an interlocutory judgment that may cause irreparable injury. Aetna Insurance Company v. Naquin, 488 So.2d 950, 952 (La. 1986), citing Herlitz Construction Company, Inc., v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Greater Lafourche Port Commission v. Louisiana State Civil Service Commission, 481 So.2d 745, 746 (La.App. 1st Cir.1985), citing Erdey v. American Honda Company, 404 So.2d 1351 (La.App. 1st Cir.1981).

BACKGROUND
Plaintiff, A & P Boat Rentals, Inc. (A & P), filed suit against numerous parties, *1363 some of whom were American Lloyd's and the Attorneys, alleging several causes of action related to A & P's policy of protection and indemnity insurance. A & P was left "holding the bag" on a consent judgment against it, in favor of an injured employee, because American Lloyd's was declared insolvent, and a proposed reinsuring insurance company could not be bound by the judgment because it was not a party to the proceedings.
According to A & P's brief, the consent judgment was the result of a lawsuit filed against A & P by an employee, Brian Thibodaux, who was injured on one of A & P's boats in May, 1988. American Lloyd's appointed the Attorneys to conduct the defense of the suit. Subsequent to their appointment in the Thibodaux case, one of the Attorneys, John Messina, served as cocounsel for American Lloyd's in administrative insolvency proceedings against the company, in May of 1989. Mr. Messina also served as American Lloyd's' minute secretary and legal advisor.
During the insolvency proceedings, American Lloyd's attempted to obtain an administrative law judge's approval of its re-insurance agreement with a Wyoming insurer, Commercial General Insurance Company, by which Commercial General would insure A & P against Thibodaux's claim, along with other of American Lloyd's' liabilities. On May 16, 1989, the law judge ruled that the agreement was unacceptable and would not be approved.
The trial of the Thibodaux suit was scheduled for May 22,1989. On that morning, John Messina contacted the Insurance Commissioner's office for approval to settle the Thibodaux suit. Mr. Messina was reminded, by that office, that American Lloyd's was insolvent, and that the re-insurance agreement with Commercial General had not been approved by the law judge, and could not be used as a basis for settlement. Nevertheless, Mr. Messina and his law partner Earl N. Vaughan, among others, settled the Thibodaux suit that same morning, with a consent judgment casting A & P, American Loyd's, and Commercial General Insurance Company in liability, jointly and solidarily, in the amount of $200,000.00, plus costs. The judgment, further, waived A & P's right to appeal; provided that the judgment would become executory on June 21, 1989, if not satisfied; provided 11.5% interest to accrue on any unpaid balance after the date on which the judgment became executory; provided for payment of all court costs and witness fees; and provided for maintenance and cure until the judgment was satisfied.
When A & P learned that it would be solely responsible for satisfying the judgment, it filed suit against the Attorneys, and others, alleging that they knew of American Lloyd's' insolvency when the settlement was signed, that Commercial General could not be bound by the allegedly fraudulent consent judgment, and that they had breached their duty to defend A & P. At this point in the litigation, venue is disputed by the Attorneys who allege that A & P sued several other individuals solely to obtain venue in A & P's parish of domicile, Lafourche Parish.

ASSIGNMENTS OF ERROR
The Attorneys urge four assignments of error:
(1) That the trial court improperly found that Lafourche Parish was a parish of proper venue, pursuant to La.R.S. 13:3203, because A & P's petition fails to state a cause of action against the named non-resident defendant directors and officers of Oxford Underwriters, Inc., American Lloyd's' underwriter.
(2) That the trial court improperly found that Lafourche Parish was a parish of proper venue, pursuant to La.Code Civ. P. art. 76, because plaintiff's action is not an action on an insurance policy, i.e., for benefits due under a policy.
(3) That the trial court improperly found that Lafourche Parish was a parish of proper venue, pursuant to La.Code Civ.

*1364 P. art. 76, because the order liquidating American Lloyd's cancelled all policies issued or written by American Lloyd's.
(4) That the trial court improperly denied the exception of venue because the order of liquidation stayed all litigation against American Lloyd's.

ASSIGNMENT OF ERROR NO. 1
The Attorneys first assert that A & P's suit names two out-of-state individuals solely to take advantage of La.R.S. 13:3203's venue provision. They also assert that the allegations in A & P's petition are insufficient to establish a cause of action against the out-of-state defendants. These contentions only tangentially concern the propriety of venue under La.R.S. 13:3203, through La.R.S. 13:3201. They more squarely address exceptions raising the objections of no cause of action and lack of personal jurisdiction. However, these are not the proper parties to assert such exceptions; these belong to the out-of-state defendants, not the Attorneys.
Further, A & P's petition alleges facts which, if proven, show that the named parties acted in concert in causing A & P's loss. Thus, they would be solidary obligors who, under La.Code Civ. P. art. 73(A), may be sued in Lafourche Parish along with the non-resident defendants. La.R.S. 13:3203 venue is, therefore, irrelevant, as are any claims by the Attorneys that A & P has not sufficiently established a cause of action against those individuals.

ASSIGNMENT OF ERROR NO. 2
Turning to this assignment of error, we find that A & P's petition contains allegations of fact sufficient to comply with articles 854 and 891 of the Code of Civil Procedure. We find that it alleges mixed causes of action, sounding both in contract and in tort, against parties who may be found solidarity liable to A & P for its damages. Article 76 of the La.Code of Civil Procedure allows, in its third paragraph, suits on policies other than life, health, and accident to proceed in the parish in which the plaintiff's loss occurred or where he is domiciled. La.Code Civ. P. art. 73(A), additionally, allows a plaintiff to bring suit in the parish of his domicile if that would be a parish of proper venue pursuant to La.Code Civ. P. art. 76.
We cannot imagine how, given the petition in this case and the wording of the article, it can reasonably be said that A & P is not suing on its insurance policy. A & P is asserting that American Lloyd's failed to perform its obligations under the policy: to provide competent and disinterested attorneys to defend A & P in the Thibodaux suit.
Thus, the Attorneys' argument that this is not a suit on a policy, is meritless and venue is proper in Lafourche Parish pursuant to article 76, because A & P is asserting breaches of duties contained and defined solely within the policy, against American Lloyd's. The trial judge was entirely correct in his ruling that the parish of plaintiff's domicile, Lafourche Parish, is the proper venue for this suit.

ASSIGNMENTS OF ERROR NOS. 3 & 4
We pretermit these assignments of error because neither of them, in the context of an appealed declinatory exception raising the objection of improper venue, properly addresses the issue of the effect of the stay order. This issue concerns other exceptions not before us.

CONCLUSION
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at defendants-appellants' costs.
AFFIRMED.