# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0570

**AMY CHESNE**

**VERSUS**

**MARK M. MAYEAUX, ET AL.**

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2002-3021-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Ned E. Doucet, Jr., Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**Russell L. Potter**
**Stafford, Stewart & Potter**
**Post Office Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Lafayette Insurance Company**
    **Mark M. Mayeaux**

**Larry A. Stewart**
**Mark D. Pearce**
**Stafford, Stewart & Potter**
**Post Office Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **State Farm Mutual Automobile Insurance**
**Kirk L. Landry**

**Keogh, Cox & Wilson, Ltd.**
**Post Office Box 1151**
**Baton Rouge, LA  70821**
**(225) 383-3796**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Valley Forge Insurance Company**

**Brian M. Caubarreaux**
**Brian Caubarreaux and Associates**
**Post Office Box 129**
**Marksville, LA   71351**
**(318) 253-0900**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Amy Chesne**

AMY, Judge.

Plaintiff seeks damages for injuries arising from an automobile accident in Rapides Parish in which her vehicle was struck by a vehicle driven by Defendant Mark Mayeaux. Plaintiff filed suit in Avoyelles Parish, the parish of her domicile, against Mayeaux, his employer, and his employer's insurer, against Plaintiff's employer's insurer, and against Plaintiff's own uninsured motorist carrier. She then voluntarily dismissed her uninsured motorist carrier, and, eight months later, Defendants filed a declinatory exception of improper venue. Before the hearing on the exception took place, Plaintiff filed an amended and supplemental petition in which she renamed her uninsured motorist carrier as a defendant. The hearing on the exception occurred thereafter, and the trial judge found that venue was proper in Avoyelles Parish. Defendants Mark Mayeaux and Lafayette Insurance Company appeal the trial judge's ruling. For the following reasons, we affirm.

### Factual and Procedural Background

This appeal comes to us from an ongoing personal injury suit in the District Court for Avoyelles Parish. The accident from which the instant matter arose occurred on or about May 22, 2001, in the South Traffic Circle in Alexandria, Louisiana. Ms. Amy Chesne, Plaintiff herein, alleges that she was proceeding around the South Traffic Circle on her way to purchase office supplies, when Defendant, Mark Mayeaux, entered the traffic circle and struck Ms. Chesne's vehicle with his van. Mr. Mayeaux, a resident and domiciliary of New Orleans, was in Alexandria on business and was in the course and scope of his employment when the accident occurred. Custom Cabinets, Mr. Mayeaux's employer and the owner of the van, had its principal place of business in Harahan, Jefferson Parish, Louisiana.

Ms. Chesne filed a personal injury claim on February 5, 2002, in Avoyelles Parish, the parish of her domicile. Named defendants were Mr. Mayeaux, Custom Cabinets, ABC Insurance Company (Ms. Chesne's employer's uninsured motorist carrier), Lafayette Insurance Company (Custom Cabinets' insurer), and State Farm, Ms. Chesne's uninsured motorist carrier.

The record contains scant evidence of discovery over the following months. There is no evidence that Custom Cabinets was served; likewise, it appears that ABC Insurance Company's identity was never ascertained, and Plaintiff's claims against it were not pursued. On June 5, 2002, Ms. Chesne requested a partial judgment of voluntary dismissal without prejudice in favor of State Farm. This dismissal was granted by the trial judge.

The record indicates that between May 22, 2002, and January 15, 2003, Ms. Chesne's attorney sent two requests for production to Lafayette Insurance in New Orleans in an effort to determine the limits of Custom Cabinets' employee policy. The record reflects that Plaintiff's counsel had been advised informally that Custom Cabinets had a $500,000 policy, but no information was forthcoming about the coverage provided by an umbrella policy.

On January 15, 2003, some eight months after the conditions for the exception became ripe, Defendants Mayeaux and Lafayette Insurance Company filed a declinatory exception of improper venue, asserting that when Ms. Chesne voluntarily dismissed State Farm, her uninsured motorist carrier, from the suit, venue in Avoyelles Parish was no longer proper. Defendants asked that the case be dismissed, or, in the alternative, that it be transferred to Rapides Parish by operation of La.Code Civ.P. art. 121.

2

On January 22, 2003, seven days after the exception of improper venue was filed, Ms. Chesne filed a pleading styled "First Amended and Supplemental Petition for Damages," in which she added State Farm as a defendant without providing any supporting allegations. Ms. Chesne also filed a Motion to Compel, asking the trial judge to order Lafayette Insurance to respond to inquiries regarding Custom Cabinets' insurance policy. The trial judge signed an order allowing Ms. Chesne's amended and supplemental petition on January 23, 2003.

The transcript of the March 2003 hearing on the exception evinces the defendants' concession that venue was proper in Avoyelles Parish when Ms. Chesne's suit was originally filed pursuant to La.Code Civ.P. art. 76 and the interpretive jurisprudence. However, the defendants argued, when Ms. Chesne voluntarily dismissed State Farm without prejudice and subsequently brought it back into the suit as a defendant, it was done solely for the purpose of establishing venue, and, pursuant to La.Code Civ.P. art. 73(B), venue established in this manner is improper. The defendants contended that the only way that venue would remain viable in Avoyelles Parish would be if Ms. Chesne's dismissal of State Farm constituted a settlement or compromise under La.Code Civ.P. art. 73(B). The defendants insisted that Ms. Chesne's dismissal of State Farm did not constitute such a compromise. Furthermore, the defendants contended, the timing of Ms. Chesne's amended and supplemental petition—a mere seven days after the exception of improper venue was filed—gave rise to a reasonable assumption that State Farm had been added solely for the purpose of establishing venue in Avoyelles Parish. The defendants pointed out that Ms. Chesne's uninsured motorist coverage through State Farm only provided benefits of $10,000, compared to the $1.5 million in total coverage provided by the Lafayette Insurance policy ($500,000 accident coverage with a $1,000,000 umbrella policy), and

3

that the record was devoid of any evidence that would prompt Ms. Chesne to reinstitute litigation against State Farm out of concern that Mr. Mayeaux was an underinsured motorist.

Ms. Chesne's attorney explained at the hearing on the exception that State Farm was dismissed out of concern for judicial economy and because the Lafayette Insurance policy coverage appeared to be sufficient. However, he noted, it became necessary to bring State Farm back into the suit because Ms. Chesne's injuries were still being treated, and he was uncertain as to whether Custom Cabinets' insurance policy would be sufficient to cover Ms. Chesne's medical expenses. The hearing transcript indicates that Ms. Chesne's attorney acknowledged that he knew of the $500,000 policy but had not yet been informed of the full amount of coverage available (the umbrella policy); as a result, he felt it would be prudent to bring State Farm back into the suit.

The record reflects that the defendants called the attorney for State Farm who had discussed the voluntary dismissal with Ms. Chesne's attorney to testify as to the monetary details of their agreement. The witness explained that as State Farm's attorney, he obviously desired to have his client dismissed from the suit, but he neither disbursed any funds nor gave any other consideration in exchange for the dismissal. Furthermore, an examination of the record reveals that there was no written memorialization of a settlement or compromise between Ms. Chesne and State Farm—the agreement was made via phone.

After considering the evidence, the trial judge denied the defendants' exception, stating that he found that State Farm and Ms. Chesne had reached a valid compromise leading to State Farm's dismissal without prejudice. He also noted that Ms. Chesne had named her uninsured motorist carrier as a defendant in her original petition,

4

which, he explained, is customary practice for plaintiffs at the beginning of a suit when discovery hasn't yet taken place and uncertainty exists as to the adequacy of the defendant's insurance coverage. Therefore, he concluded, State Farm hadn't been added solely for the purpose of creating venue, and, pursuant to La.Code Civ.P. art. 73(B), venue was proper in Avoyelles Parish.

Defendants Mark Mayeaux and Lafayette Insurance Company appeal the trial judge's ruling. In their sole assignment of error, the defendants submit that the trial judge erred in denying their exception of improper venue.

**Discussion**

Defendants Mark Mayeaux and Lafayette Insurance Company argue on appeal that the trial judge erred in denying the exception of improper venue and request that Ms. Chesne's suit be dismissed without prejudice. They maintain that when Ms. Chesne dismissed State Farm, venue in Avoyelles Parish was no longer proper. The defendants have enunciated two subparts to this argument, viz., (1) State Farm was not dismissed pursuant to a compromise, and (2) renaming State Farm as a defendant after the defendants excepted to venue has no legal effect.

In her reply, Ms. Chesne asserts that she was unaware of the existence of Custom Cabinets' umbrella policy prior to filing the supplemental and amended petition that reinstated her uninsured motorist carrier as a defendant. Furthermore, she cites the Louisiana Supreme Court's decision in *Farrar v. Haedicke*, 97-2923 (La. 12/2/97), 702 So.2d 690, in support of her contention that the defendants must show that Ms. Chesne renamed State Farm as a defendant in bad faith. She suggests that the defendants are unable to produce such evidence because doing so "would require [them to] show that reasonable information was received by the plaintiff and/or plaintiff's counsel prior to the pleading bringing in the uninsured motorists [sic]

5

carrier into [sic] the suit." Ms. Chesne claims that her lack of bad faith is proven by the defendants' failure to respond promptly to discovery regarding the amount of insurance coverage available through Lafayette Insurance.

A trial court's denial of a declinatory exception of improper venue is an interlocutory judgment that may cause irreparable harm and is therefore properly appealable. *Hebert v. Mid South Controls and Services, Inc.*, 96-378 (La. App. 3 Cir. 10/9/96), 688 So.2d 1171, *writ denied*, 96-2708 (La. 2/21/97), 688 So.2d 523; *cert.denied*, 522 U.S. 814, 118 S.Ct. 61 (1997), *citing* La.Code Civ.P. art. 2083(A); *A&P Boat Rentals, Inc. v. American Lloyd's*, 592 So.2d 1361 (La.App. 1 Cir. 1991).

The standard of review on appeal of a ruling on an exception is the manifest error—clearly wrong standard. *See Guitreau v. Kucharchuk*, 99-2570 (La. 5/16/00), 763 So.2d 575, *citing Stobart v. State of Louisiana, through Department of Transportation and Development*, 92-1328 (La. 4/12/93), 617 So.2d 880.

Louisiana Code of Civil Procedure Article 42 sets forth the general venue rules for actions brought in Louisiana. Recognized as exceptions to the general venue rules are, *inter alia*, La.Code Civ.P. arts. 76 and 73. Louisiana Code of Civil Procedure Article 76 provides, in pertinent part, that "[a]n action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident occurred." The relevant portion of La.Code Civ.P. art. 73(A) states,

> [A]n action for the recovery of damages . . . against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under . . . [La.Code Civ.P. art.] 76 . . . .

In its decision in *Kellis v. Farber*, 523 So.2d 843 (La.1988), the supreme court reiterated its interpretation of La.Code Civ.P. art. 73 as allowing a plaintiff to file suit

6

against a tortfeasor, the tortfeasor's insurer, and her own uninsured motorist carrier all in the same venue because the tortfeasor, the tortfeasor's insurer, and the plaintiff's uninsured motorist carrier are solidary obligors vis-à-vis the plaintiff. *See Kellis*, 523 So.2d 843, *citing Burton v. Foret*, 498 So.2d 706 (La.1986), and *Hoefly v. Government Employees Insurance Co.*, 418 So.2d 575 (La.1982). Article 73 venue is therefore proper in the parish of the plaintiff's domicile, regardless of where the accident occurred or where the tortfeasor resides. *Laborde v. American Nat. Property & Cas. Companies*, 00-01091 (La.App. 3 Cir. 1/31/01), 780 So.2d 501, *writ denied*, 01-0599 (La. 4/27/01), 791 So.2d 634.

In the matter *sub judice*, the defendants acknowledge that when Ms. Chesne filed her original petition naming as defendants Mr. Mayeaux, Lafayette Insurance, State Farm, et al., venue was proper in Avoyelles Parish, the parish of Ms. Chesne's domicile, per La.Code Civ.P. art. 73, even though the accident occurred in Rapides Parish, State Farm is a foreign insurer, and Mr. Mayeaux and Lafayette Insurance are domiciled in Orleans Parish. The real dispute in the instant appeal centers on the following chain of events: (1) Ms. Chesne dismisses State Farm; (2) Mayeaux and Lafayette Insurance file an exception of improper venue; (3) Ms. Chesne files an amended and supplemental petition bringing State Farm back into the suit; (4) the trial judge denies the exception of improper venue.

Defendants Mayeaux and Lafayette Insurance assert, as their sole assignment of error on appeal, that the trial judge improperly denied their declinatory exception of improper venue. The preponderance of their brief, however, pertains to the events that occurred after the exception was filed.

The defendants cite a number of cases in support of their assertion that the trial judge improperly denied the exception, none of which is truly on point. Most

significant among the jurisprudence relied upon are *Cheramie v. Acadian Ambulance Services, Inc.*, 95-0038 (La.App. 1 Cir. 10/6/95), 671 So.2d 489; *Durio v. Robert E. Lee, Inc.*, 00-1314 (La.App. 4 Cir. 8/2/00), 774 So.2d 181, *writ denied*, 00-2839 (La. 12/8/00), 776 So.2d 462; and *Jones v. Massachusetts Bay Ins. Co.*, 614 So.2d 262 (La.App. 3 Cir. 1993).

In *Cheramie v. Acadian Ambulance Services, Inc.*, an ambulance owned by Acadian Ambulance Services was involved in an accident with a vehicle driven by Herman Cheramie and owned by his employer. Cheramie, a Lafourche Parish domiciliary, filed suit in Lafourche Parish, naming as defendants Acadian Ambulance, the ambulance's driver, Acadian's insurance provider, Cheramie's own uninsured motorist carrier, and his employer's uninsured motorist carrier. Cheramie later filed a motion for partial dismissal without prejudice that removed both uninsured motorist carriers from the suit. Nearly two months later, Cheramie filed a supplemental and amended petition that added his wife as a plaintiff and brought both uninsured motorist carriers back into the suit as defendants. Shortly thereafter, the Cheramies moved to dismiss the employer's uninsured motorist carrier without prejudice. Acadian Ambulance, the driver, and its insurer then answered the supplemental and amended petition. The Cheramies filed a second supplemental and amended petition later, adding Cheramie's wife as plaintiff, and naming Acadian, the ambulance driver, and its insurer as defendants. In turn, the defendants filed an exception of improper venue due to the absence of the Cheramies' uninsured motorist carrier from the second supplemental and amended petition. The trial court overruled the exception, and the defendants appealed. In support of the trial court's ruling, the plaintiffs argued on appeal that the defendants had waived their objections to venue by answering the original and first amended and supplemental petitions. In its decision, the Louisiana

8

First Circuit Court of Appeal held that the defendants had not yet answered the second amended and supplemental petition when they filed their exception, and because venue had once again become improper due to the omission of the uninsured motorist carriers from the petition, the exception should have been sustained.

We find that *Cheramie v. Acadian Ambulance Services, Inc.* is distinguishable from the instant matter. In *Cheramie*, the plaintiffs did not name their own uninsured motorist carrier as a defendant in the second amended and supplemental petition. As a result, venue became improper, and an exception was timely filed by the defendants. In contrast, in the case presently before this court, the exception of improper venue became moot when the trial judge signed the order allowing the plaintiff's amended and supplemental petition that renamed State Farm as a defendant. Although *Cheramie*'s fact pattern diverges from the instant matter, and, consequently, the holding diverges, as well, an observation made by the first circuit in *Cheramie* is nonetheless appropriate here: "[o]nce the Cheramies renamed [the uninsured motorist carriers] as defendants, the [Ambulance Services, its insurer, and the driver] could not raise the exception of improper venue because venue was once again proper." *Cheramie*, 671 So.2d at 492. In light of this observation, the defendants' assertion that Ms. Chesne's amended petition had no legal effect is not valid.

Likewise, the defendants' reliance upon *Jones v. Massachusetts Bay Ins. Co.* is ill-founded. In *Jones*, a panel of this court noted that an exception of improper venue was improperly sustained where the uninsured motorist carrier had been dismissed upon payment of its policy limits to the plaintiffs. There is no question of payment of policy limits in the instant matter on appeal; as such, the holding of *Jones v. Massachusetts Bay* is not applicable.

9

It is important to note that in his oral reasons for denying the exception, the trial judge stated that he had determined that venue remained proper despite the defendants' assertion that La.Code Civ.P. art. 73(B) dictated otherwise. The judge reasoned that a compromise was reached between Ms. Chesne and State Farm and that Ms. Chesne's original petition (N.B.: *not her amended and supplemental petition*) did not name State Farm solely for the purpose of establishing venue in Avoyelles Parish.

Venue did, indeed, remain proper in Avoyelles Parish, albeit for reasons other than those argued below. We conclude that when venue in Avoyelles Parish was lost due to the dismissal of State Farm, it was regained when the trial judge allowed the amended and supplemental petition renaming State Farm as a defendant. Because venue had been reëstablished before the hearing on the exception of improper venue, the trial judge properly denied the exception. A consideration of La.Code Civ.P. art. 73(B) was neither essential nor germane to reaching the correct conclusion. Louisiana Code of Civil Procedure Article 73(B) pertains to the situation in which a plaintiff originally names a defendant as a party to suit for the sole purpose of establishing venue, and then, that defendant is dismissed by compromise or dismissed after trial on the merits. Article 73(B) does not address the situation in which a party is initially validly named defendant in a suit, then dismissed, then rejoined. As such, once the plaintiff's petition was amended, Article 73(B) ceased to be a governing principle in this case.

## DECREE

For the foregoing reasons, the judgment denying the exception of improper venue is affirmed. All costs of this proceeding are assigned to the defendants-appellants, Mark Mayeaux and Lafayette Insurance Company.

**AFFIRMED.**