WHIPPLE, J.
1 ¡¿Plaintiff, David Todd, appeals from a judgment maintaining a declinatory exception raising the objection of improper venue and a peremptory exception raising the objection of prescription filed by defendants, Janice Tate and her insurer, GEI-CO. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On October 24, 2002, plaintiff, who was domiciled in Lafourche Parish, and Tate, who was domiciled in Iberia Parish, were involved in an automobile accident at the intersection of La. Hwy. 668 and U.S. Hwy. 90 in Iberia Parish. On October 24, 2003, plaintiff filed a petition for damages in Lafourche Parish naming Tate and GEICO as defendants and alleging that he sustained injuries and loss of wages as a result of the accident.
On November 17, 2003, defendants responded by filing exceptions of improper venue and prescription, alleging that venue was improper in Lafourche Parish, where plaintiff filed suit, because the accident occurred in Iberia Parish, which was also where Tate was domiciled.[1] Defendants contended that venue accordingly was proper in Iberia Parish, not Lafourche Parish.[2] In support of their exception of prescription, defendants argued that |spursuant to LSA-C.C. art. 3462, the suit was prescribed. Further, they contended that LSA-C.C. art. 3462, entitled, “Interruption by filing of suit or by service of process,” applies and provides, in part, that “[i]f action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.” Defendants contend *115 ed that although plaintiffs suit was within the prescriptive period, when filed oh October 24, 2003, service was not confected upon Tate until November 4, 2003, and upon GEICO, through the Secretary of State, until November 6, 2003. Defendants contended that because plaintiff filed suit in an improper venue, and defendants were not served within the applicable prescriptive period, plaintiffs suit should be dismissed as having prescribed.
On February 20, 2004, plaintiff obtained leave of court to file a “First Amended Petition.” In the amended petition, plaintiff-named his UM carrier, Farm Bureau Mutual Insurance Company (“Farm Bureau”), as an additional defendant in these proceedings.[3]
The defendants’ exceptions were subsequently heard before the trial court on February 25, 2004, after which the trial court took the matter under advisement. On June 4, 2004, the trial court rendered judgment maintaining the exceptions of improper venue and prescription. Plaintiff appeals, contending that the trial court erred in maintaining the exceptions and dismissing the suit as to Tate and GEICO
| ¿DISCUSSION
The question before this court on appeal is whether the filing of plaintiffs first amended petition, prior to the trial court’s grant of defendants’ exceptions of improper venue and prescription, relates back to the date of filing of plaintiffs original petition so as to make venue proper in La-fourche Parish for all defendants in this matter. The standard of review on appeal of a ruling on an exception is the manifest error — clearly wrong standard. See Gui-treau v. Kucharchuk, 99-2570, p. 8 (La.5/16/00), 763 So.2d 575, 580-581.
Plaintiff contends that any defects asserted in defendants’ exceptions were cured by the filing of the amended petition in Lafourche Parish naming his UM carrier as a defendant. Plaintiff argues that, pursuant to LSA-C.C.P. art. 1153, the amendment of his petition relates back to October 24, 2003, the filing date of the original petition. Thus, plaintiff contends, “the original petition filed against [defendants] was filed in a court of proper venue.”
Louisiana Code of Civil Procedure art. 1153 provides as follows:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
In sum, plaintiffs theory is that the amendment of the suit related back to October 24, 2003, and since suit was filed timely on October 24, 2003, and filed in the parish of proper venue, the defendants did not have to be served prior to the end of the prescriptive period which was interrupted, pursuant to LSA-C.C. art. 3462. Thus, plaintiffs argue, the relating back of their amending petition naming their UM carrier rendered any prescription problem moot.
| BIn support of his relation back argument, plaintiff cites Lewis v. Transocean Terminal Operators, Inc., 2002-0152 (La.App. 4th Cir.12/11/02), 834 So.2d 1180 (citing Trentecosta v. Beck, 2000-0860 (La. *116 App. 4th Cir.5/2/01), 786 So.2d 885) and Baker v. Conagra Broiler Company, 93-1230 (La.App. 3rd Cir.5/4/94), 640 So.2d 494, none of which are factually or procedurally similar to the case at hand. While the cases cited by plaintiff interpreting LSA-C.C.P. art. 1153 do generally hold that once an amendment is deemed to relate back to the filing date of an original petition, prescription with regard to the amendment is interrupted as of the filing date of the original petition, in none of these cases was the original petition filed in a court of improper venue, as is the case in the matter before us. See Lewis (relating back of amending petition to specifically seek filiation of decedent’s seven illegitimate children previously named in succession suit recognized as proper and deemed sufficient to defeat assertion by defendants in wrongful death and survival suit that illegitimates’ claims were prescribed for lack of filiation proceeding within one year of death of alleged parent); see also Trentecosta (plaintiff added by amendment to properly filed original petition of other plaintiffs was likewise entitled to prejudgment interest under relating-back theory); and Baker (claim for workers’ compensation scheduled loss payments for eventual removal of plaintiffs eye was not prescribed because interrupted by timely and properly filed form 1008 and claims data form).
Plaintiff also cites Chesne v. Mayeaux, 2003-0570 (La.App. 3rd Cir.11/5/03), 865 So.2d 766, in support of his contention that the exception of improper venue became moot when the trial court signed the amended petition naming the UM carrier as a party defendant. In Chesne, another automobile collision case, plaintiff filed suit in Avoyelles Parish, the parish |fiof her domicile, naming as defendants the driver of the other vehicle, his insurer, plaintiffs employer’s insurer, and her UM insurance carrier. The accident occurred in Rapides Parish. Subsequently, plaintiff voluntarily dismissed her UM carrier, State Farm. The remaining defendants filed a declina-tory exception of improper venue asserting that as a result of the voluntary dismissal of her UM insurer from the suit, venue was no longer proper in Avoyelles Parish. Chesne, 2003-0570 at p. 2, 865 So.2d at 768.
In response, plaintiff filed an amended and supplemental petition for damages renaming her UM carrier, State Farm, as a defendant without providing additional allegations against State Farm. The trial court denied the defendants’ exception, finding that State Farm and plaintiff had reached a valid compromise leading to State Farm’s dismissal without prejudice. The court further noted that plaintiff had named her UM carrier as a defendant in her original petition, which, it explained, was a customary practice at the beginning of a suit prior to discovery. The court concluded that State Farm had not been added solely for the purpose of creating venue, and venue was proper in Avoyelles Parish. Chesne, 2003-0570 at pp. 4-5, 865 So.2d at 769. Defendants appealed and the court of appeal affirmed the ruling that venue was proper in Avoyelles Parish, but for reasons other than those expressed by the trial court. In concluding, the appellate court reasoned:
when venue in Avoyelles Parish was lost due to the dismissal of State Farm, it was regained when the trial judge allowed the amended and supplemental petition renaming State Farm as a defendant. Because venue had been reestablished before the hearing on the exception of improper venue, the trial judge properly denied the exception.
Chesne, 2003-0570 at p. 10, 865 So.2d at 772.
*117 |7Relying on Chesne, plaintiff contends that as of February 20, 2004, the date the trial court signed his motion for leave to file an amended petition adding plaintiffs UM carrier as a party defendant, venue was proper as to all three defendants in Lafourche Parish.
The defendants counter that Chesne is inapplicable herein because in Chesne, although the plaintiff filed suit in the parish of his domicile, venue was initially proper in that domicile since plaintiff named his UM carrier as a party defendant in his original petition for damages. Defendants distinguish Chesne as a “venue case,” not a “situation where service is untimely and both issues of venue and prescription are concerned.”
Instead, defendants maintain, in the instant case, although plaintiffs lawsuit was timely filed, “it was filed in a parish of improper venue and since personal service of [plaintiffs petition on [defendant] was not made until November 4, 2003, and was not made on GEICO ... until November 6, 2003, service of process was not made within the prescriptive period as enunciated by Civil Code Article 3462.” Moreover, defendants contend that plaintiff is not attempting to substitute a previously “misnamed defendant,” but rather, is attempting to add a new defendant who was previously well known to plaintiff when the original suit was filed. Accordingly, defendants contend that LSA-C.C.P. art. 1153 does not apply inasmuch as plaintiff is not attempting to substitute a party defendant.
In Ray v. Alexandria Mall, St. Paul Property and Liability Insurance, 434 So.2d 1083 (La.1983), the Louisiana Supreme Court set forth the necessary criteria for determining whether an amendment relates back to the filing of an original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
ls(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray, 434 So.2d at 1087.
Applying the precepts in Ray, defendants contend that plaintiff is essentially attempting to extend the one-year prescriptive period applicable to defendants, Tate and GEICO, by adding his UM carrier within the two-year prescriptive period for naming UM insurance carriers. Defendants contend that if plaintiff is allowed to do so, any plaintiff with UM coverage could extend the one-year prescriptive period otherwise applicable against a tortfea-sor by claiming that a subsequently filed suit against a UM carrier would relate back to an untimely filed and served lawsuit against primary tortfeasors.
At the hearing on the exceptions, the parties agreed that “the suit was filed on the last day of prescription in the wrong parish and no one was served timely.” The parties disagreed as to whether the institution of a suit against a wholly new defendant, sued after the one-year prescriptive period had run, related back to the filing of the original suit, thus curing the venue problem.
In its written reasons for judgment, the trial court discussed the four criteria for *118 determining whether LSA-C.C.P. art. 1153 allows an amendment, which changes the identity of a party, to relate back to the date lflof filing of the original petition as set forth in Ray. .After doing so, the trial court noted, “the defendant in rule is not attempting to substitute a defendant, but rather to revive a prescribed action by filing suit under a contractual obligation against his own uninsured motorist carrier and thereby [attempting to] ‘bootstrap’ venue as to the originally filed petition.” The trial court distinguished the relation back issue in Ray from the facts of the instant case, noting that the issue in Ray involved the substitution of a previously misnamed defendant, not the addition of individual defendants who were well known to the plaintiff when the original suit was filed. The trial court rejected plaintiffs argument that “this new petition alleging a cause of action against a new defendant should revive’ a prescribed suit.” In maintaining the exceptions, the trial court noted:
The purpose of prescription is to allow the defendant a definitive time at which an action can no longer be initiated. The relevant statutes require that the defendant be given notice in a timely fashion. It is only reasonable that this “notice” requirement is service on the defendant; therefore, a party must have received notice of the action within the one year prescriptive period or the suit was filed in the proper venue within the one year prescriptive period. While the statute should be applied liberally and without undue restriction by technical rules, La. Health Service and Indemnity Co. v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090, rehearing denied (5/12/94), it would be patently unfair to allow any motorist who has uninsured motorist coverage to extend the one year prescription period for delictual actions to two years through the use of this argument. In short, the original matter is prescribed and the defendant must be provided with the security that it is forever barred.
We agree. Plaintiff herein clearly added his UM carrier, a “wholly new” defendant, as a measure to defeat prescription against the primary defendants. Moreover, this is not a case of mistaken identity where the “purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper • party defendant, the action would have been brought against him.” See Ray, 434 So.2d at 1087. In this 110case, plaintiffs UM carrier was known to plaintiff when the original suit was filed. After a thorough review of the entire record herein, and applying the precepts of law set forth above, we find no error in the judgment of the trial court maintaining defendants’ exceptions of improper venue and prescription.
CONCLUSION
Based on the above and foregoing reasons, the June 4, 2004 judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff/appellant, David Todd.
AFFIRMED.

. Louisiana Code of Civil Procedure article 42(1) provides, in part, that an action against "an individual who is domiciled in the state shall be brought in the parish of his domicile." Louisiana Code of Civil Procedure article 74 provides, in part, that "[a]n action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.”

. We note that although the defendants contended in their memorandum and argument at the hearing on the exceptions that the accident occurred in Iberia Parish, the trial court noted in its written reasons for judgment that the intersection -of La. Hwy. 668 and U.S. Hwy. 90, where the accident occurred, is actually located in St. Mary Parish. The trial court, however, further noted, that for purposes of determination of the issues before it, "[tjhere is no dispute, in fact, the accident did occur outside the confines of Lafourche Parish.”

. Pursuant to LSA-R.S. 9:5629, "[a]ctions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.”
Moreover, an action on an insurance policy may be brought in the parish where the insured is domiciled. LSA-C.C.P. art. 76.