STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-1009

ALLEN J. ROCHE

VERSUS

JEFFERSON DAVIS ELECTRIC COOPERATIVE, INC., ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-732-04
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Larry C. Hebert
Stuart M. Simoneaud
1313 West Pinhook
Post Office Drawer 52606
Lafayette, Louisiana 70505-2606
COUNSEL FOR PLAINTIFF/APPELLANT:
 Allen J. Roche

Robert R. McBride
810 South Buchanan Street
Post Office Box 2700
Lafayette, Louisiana 70502
COUNSEL FOR DEFENDANTS/APPELLEES:
 Jefferson Davis Electric Cooperative, Inc.
 St. Paul Fire and Marine Insurance Company

**GENOVESE, Judge.**

In this case, Plaintiff sued Defendant utility company for property damage, alleging contamination. Defendant filed an exception of prescription which was granted by the trial court. Plaintiff appeals. For the following reasons, we affirm.

## FACTS

In July of 2003, an employee of Defendant, Jeff Davis Electric Cooperative, Inc. ("Jeff Davis"), sprayed herbicide along and beneath its power lines to control vegetation growth. During the course of spraying along its power lines located on a strip of land owned by Plaintiff, Allen J. Roche ("Roche"), the herbicide is alleged to have migrated beyond the boundaries of Jeff Davis' servitude and damaged Roche's oak, pecan, and crepe myrtle trees.

Roche complained about these damages and met with a representative of Jeff Davis at the site of the alleged damage on August 14, 2003. Roche filed suit against Jeff Davis on October 25, 2004. Roche contends that Jeff Davis went beyond the limits of its servitude, exceeded its legal rights, breached a contractual duty owed to him, and is thereby liable for damages.

Jeff Davis responded by filing a peremptory exception of prescription, asserting that the damages allegedly occurred, or became known to Roche, on August 14, 2003; therefore, Roche's action for damages, filed on October 25, 2004, had prescribed. Following a hearing, the trial court sustained Jeff Davis' exception, finding that the cause of action was a tort action with a one-year prescriptive period. Consequently, Roche's suit was dismissed, with prejudice, due to prescription. The trial court also denied Roche's motion for a new trial. Roche appeals.

## STANDARD OF REVIEW

Ordinarily, when an appeal involves a ruling on an exception with contested

1

issues of fact, the standard of review is the manifest error–clearly wrong standard. *Chesne v. Mayeaux*, 03-0570 (La.App. 3 Cir. 11/5/03), 865 So.2d 766; *see also Guitreau v. Kucharchuk*, 99-2570 (La. 5/16/00), 763 So.2d 575 (citing *Stobart v. State of Louisiana, Through Dep't of Transp. & Dev.*, 92-1328 (La.1993), 617 So.2d 880). However, in a case in which there are no contested issues of fact and the only issue is the application of the law to the undisputed facts, as in the case at bar, the proper standard of review is whether or not there has been legal error. *Hatten v. Schwerman Trucking* Co., 04-1005 (La.App. 3 Cir. 12/8/04), 889 So.2d 448, *writ denied*, 05-076 (La. 3/18/05), 896 So.2d 1009 (citing *Cleland v. City of Lake Charles*, 02-805, 01-1463 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645).

**DISCUSSION**

The sole issue before this court is to determine, for purposes of prescription, whether Roche's petition is an action in tort or in contract. Delictual or tort actions are subject to one-year liberative prescription. La.Civ.Code art. 3492. An action for breach of a contractual obligation is subject to ten-year prescription. La.Civ.Code art. 3499. It is uncontroverted that Roche's petition was filed more than one year after the herbicide was sprayed and resulting damages were known by Plaintiff.

Roche's argument on appeal is that ten-year prescription is applicable because Jeff Davis breached its contractual duty to him to use its servitude in a proper manner, thereby making Jeff Davis liable for damages resulting from the negligent spraying. In his petition, Roche alleges "that while spraying the aforesaid herbicide on or near [Roche's] property, Defendant, Jefferson Davis Electric Co-op . . . negligently caused the herbicide to migrate onto [Roche's] property, generally, and onto his oak, pecan and crepe myrtle tees, specifically, and caused extensive damage to them." Roche

2

argues that his damages arise out of Jeff Davis' breach of a special duty owed only to Roche as owner of a servient estate. Roche's petition cites Jeff Davis' servitude through his property and asserts that Jeff Davis "went beyond the limits of its servitude and exceeded its rights and breached its quasi contractual rights, when . . . it allowed herbicide to migrate onto [Roche's] oak, pecan and crepe myrtle trees, thereby causing substantial damage to same."

The correct prescriptive period to be applied in any action depends upon the nature of the action. "It is the nature of the duty breached that should determine whether the action is in tort or in contract." *Roger v. Dufrene*, 613 So.2d 947, 948 (La.1993).

In sustaining Jeff Davis' peremptory exception of prescription and denying Roche's motion for a new trial, the trial court followed the reasoning of *Stephens v. International Paper Co.*, 542 So.2d 35 (La.App. 2 Cir. 1989), and *United Gas Pipe Line Co. v. Cargill, Inc*, 612 So.2d 783 (La.App. 1 Cir. 1992). The trial court concluded that the suit was an action in tort because the issue was whether Jeff Davis negligently caused damages to Roche's trees by spraying the herbicide. The trial court in *Stephens*, 542 So.2d 35, 39 (citations omitted), stated:

> It is well settled in Louisiana that, under the applicable Civil Code provisions, one holding a servitude on another's land is bound to use that servitude in such a manner as to not unreasonably injure the rights of the owner of the servient estate. Thus, if the owner of the servitude uses it in a negligent, unauthorized or unreasonable manner, the owner of the servient estate may sue for damages.
> Although the law requires that one who is granted a servitude must use it in a proper manner, this is a general duty rather than a specific contractual duty or obligation assumed by the owner of the servitude; the breach of a general duty results in an action for damages "ex delicto," the breach of a special duty contained in the contract may result in an action for damages ex contractu.
> The classic distinction between damages "ex contractu" and "damages ex delicto" is that the former flows from the breach of a special obligation contractually assumed by the obligor, whereas the latter flows from the violation of a general duty owed to all persons.

3

In *Stephens*, the plaintiff entered into a timber contract with the defendant paper company. The contract allowed the defendant to cut and harvest timber on plaintiff's land. The contract also provided for a grant of servitude allowing defendant ingress and egress across the plaintiff's lands. Plaintiff alleged that on numerous occasions the cutting crew left two gates open, allowing a number of plaintiff's cattle to escape. Some were recovered at substantial expense, and others were never recovered. Plaintiff sued the defendant for the loss of his cattle and incurred expenses. His claim was founded both in contract and in tort. The contract required that the defendant "use reasonable care . . . so as to minimize damage to any timber not covered [by the contract]." The court found that the contractual provision relating to the duty of care regarding timber did not apply to the missing cattle. The court concluded that the defendant did not contractually assume any special obligation pertaining to the duty of care to be exercised in the use of the servitude, only that a separate general duty applied. Thus, the trial court ruled that the prescriptive period for tort applied.

In support of his position, Roche relies on *Terrebonne Parish School Board v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 317-18 (5 Cir. 2002), 44 Fed.Appx. 655 (5 Cir. 2002) (citations and footnotes omitted), where the court stated:

> Only one intermediate appellate Louisiana court has ruled on the length of the prescriptive period for a claim of aggravation to the servient estate. In *Stephens v. Int'l Paper Co.*, the court held that the duty not to aggravate the servient estate was a "general duty rather than a specific contractual duty or obligation assumed by the owner of the servitude," making the action *ex delicto* and thus prescriptable in one year, rather than *ex contractu* and thus prescriptable in ten years. This distinction–between general legal duties and specific contractual ones–is foundational for the distinction in Louisiana between delictual and contractual actions:
> The classical distinction between "damages ex contractu" and "damages ex delicto" is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons.

4

The *Stephens* court, however, may have misapplied this fundamental principal, and the district court may be persuaded that if the Louisiana Supreme Court were to consider this issue, it would adopt the opposite rule. For even though the servitude agreements here do not expressly impose on the grantees an affirmative duty actively to prevent the canals from widening, the duty to avoid aggravating a servient estate is not one that is owed to all persons under the law, but is one that is owed only to the servient estateholder by the grantee as a result of the conventional (contractual) relationship of the parties. . . .

When faced with this issue, the Louisiana Supreme Court might determine that ten years is the appropriate prescriptive period for an action by the grantor of a servitude against the grantee for aggravation of the servient estate. If it did so, that conclusion would be bolstered by the fact that prescription of the servitude itself for nonuse is a ten-year prescription. A coextensive prescription period for damage to the servient estate by the neglect of the dominant estateholder would be logical.

We find Roche's reliance is misplaced. *Terrebonne* involved a suit against defendant pipeline company for property damage, alleging neglect. The damages in *Terrebonne* stemmed from a specific contractual duty to maintain gas pipelines and avoid widening canals of the servient estate. The canals at issue had been neglected, thus, the widening occurred. The damages in the case *sub judice* relate to negligence while maintaining Jeff Davis' power lines, a general duty to avoid damaging another's trees by negligent spraying. Further, the *Terrebonne* matter involved the denial of a motion for summary judgment due to the existence of genuine issues of material fact, particularly as to which prescriptive period applied. *Terrebonne* did not give any clear pronouncement as to which prescriptive period applied.

As argued by Jeff Davis, this duty was owed to all property owners in the vicinity of its spraying of the herbicide; thus, this duty was general. We agree that the duty to avoid damage to the trees and shrubs of its customers, or strangers, has no special aspect to it and is unrelated to any implied obligation under any servitude or other contract. A claim for such damages can be made by any property owner against any defendant who negligently damages his property. The duty to maintain a

5

servitude is a specific duty, and the breach thereof is a breach of contract action. However, when in the process of maintaining a servitude and negligent actions cause damages, a breach of a general duty guaranteed to all persons pursuant to the mandates of La.Civ.Code art. 2315 has occurred. Thus, the claim is in tort. While the duty not to neglect his servitude can be interpreted as being a specific duty owed to Roche, thereby sounding in contract, we do not find that the duty not to negligently damage Roche's trees, while in the process of maintaining the servitude over his land, is a specific duty sounding in contract.

Roche also contends that the trial court erroneously selected an isolated allegation of negligence in his petition as a basis to preclude a claim *ex contractu*. Roche's petition refers to the servitude and a breach by Jeff Davis of quasi-contractual rights by allowing herbicide to migrate onto his trees and shrubs. The trial court, citing *Stephens*, 542 So.2d at 38, recognized that in instances in which the same acts or omissions may sound in either contract or tort "the applicable prescriptive period is determined by the character which plaintiff gives his pleadings and the form of his action." The trial court determined that the specific language in Roche's petition stating "[Jeff Davis] negligently caused the herbicide to migrate . . . and caused extensive damage," as well as the inclusion of Jeff Davis' liability insurer as a defendant responsible for coverage for "any and all liability arising out of Defendant's negligent actions," supported its conclusion that Roche's petition seeks damages for claims which are based on negligence. We agree.

Therefore, we find no legal error with the trial court's ruling that this is clearly an action which sounds in tort.

**CONCLUSION**

We agree with the trial court that Roche's action is a tort action and is subject

6

to a one-year prescriptive period. Therefore, Roche's suit against Jeff Davis has prescribed.

## DECREE

For the foregoing reasons, the judgment of the trial court granting Jeff Davis' peremptory exception of prescription is affirmed. All costs are assessed to the Plaintiff/Appellant, Allen J. Roche.

**AFFIRMED.**